378 So.2d 882 (1979)
Dale CARSON, Appellant,
v.
Raymond Allan BISHOP, Appellee.
No. MM-375.
District Court of Appeal of Florida, First District.
December 27, 1979.
Rehearing Denied February 4, 1980.
R. Baker King, Asst. State's Atty. and Michael H. Davidson, Gainesville, for appellant.
Lacy Mahon, Jr. of Mahon, Mahon & Farley, Jacksonville, for appellee.
PER CURIAM.
Appellant challenges Appellee's release from custody on a habeas corpus petition. We affirm.
*883 Appellee was arrested in St. Johns County in November 1978. He posted bond but, after he was discovered to be on parole, was detained in jail for ten days. He was released on December 1 without charges of parole violation having been filed. He was arrested again, however, on December 18, 1978, on a warrant issued by the Florida Parole & Probation Commission and was incarcerated in Duval County for parole violation. Appellee's request for bond was denied, so he petitioned for habeas corpus and, after a hearing, was released.
Appellant contends Section 947.22, Florida Statutes (1977), allows for incarceration when a parolee violates a condition of his parole, and Section 947.23 demands a parole revocation hearing "[a]s soon as practicable after the arrest... ."
Appellant's argument might be convincing were it not for the existence of other relevant statutes. Section 949.10, Florida Statutes (1977), states that subsequent arrest of a parolee on a felony charge immediately and temporarily revokes parole, the parolee to remain in custody. Section 949.11 requires a hearing on parole revocation after arrest on a felony charge, but:
The hearing shall be held within 10 days from the date of such arrest, the provisions of s. 947.23 . .. notwithstanding. Failure of the commission or the court to hold the hearing within 10 days from the date of arrest shall cause the immediate release of such person from incarceration on the temporary revocation. [Emphasis supplied.]
Reference to Section 947.23 in Section 949.11 suggests that rather than holding the hearing "as soon as practicable after the arrest," in the case of a parolee who is arrested on a subsequent felony charge the ten-day limitation applies. In the instant case, Appellee was arrested and held in jail without hearing for ten days in St. Johns County (his parole having been automatically revoked by the terms of Section 949.10) and then rearrested and reincarcerated in Duval County.
Given the language of Section 949.11, it would appear the Legislature created a specific exception to Section 947.23 when a parolee is arrested on a felony charge. That is, Section 947.22  reasonable grounds to believe parole has been violated  applies to violation of any term or condition of parole other than arrest on a felony charge. If the latter occurs, Sections 949.10 and 949.11 govern the procedures to be followed.
To follow Appellant's argument would be to countenance significant potential abuse. In a case such as this, when a parolee is arrested for a felony, he could simply be allowed to remain in jail for ten days without any attempt by the Commission to hold a hearing and then be released pursuant to Section 949.11, only to be imprisoned again under Section 947.22 for the same alleged parole violation while the Commission prepares to hold its hearing "as soon as practicable." See Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Such practice cannot be approved in light of the plain language of Sections 949.10 and 949.11.
AFFIRMED.
MILLS, C.J., and ROBERT P. SMITH, Jr. and SHIVERS, JJ., concur.