401 So.2d 1123 (1981)
STATE of Florida, Appellant,
v.
Carl SYLVESTER, Appellee.
No. 80-187.
District Court of Appeal of Florida, Fourth District.
June 24, 1981.
Rehearing Denied August 26, 1981.
Michael H. Davidson, General Counsel, Florida Parole & Probation Commission, Tallahassee, for appellant.
Richard A. Kupfer and Louis M. Silber of Cone, Owen, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellee.
MOORE, Judge.
This is an appeal by the State from the trial court's order granting the appellee's petition for a writ of habeas corpus.
In December 1979, Carl Sylvester was arrested and incarcerated in the Palm Beach County Jail on charges of forgery. At the time of his arrest Sylvester was on parole from previous, similar felony *1124 charges. On the day of the arrest a parole officer was notified of Sylvester's incarceration by telephone. The parole officer responded by requesting the Palm Beach County jailing authorities to retain the defendant in their custody. Bond was set for the new forgery charges; however, the defendant was not released because of the "hold" request that was made by the officer from the Department of Corrections.
Sylvester remained in jail for ten days and no revocation of parole hearing of any kind was conducted. On the 11th day of Sylvester's incarceration a parole officer arrested Sylvester for a parole violation and Sylvester remained incarcerated in the Palm Beach County Jail. Thereupon Sylvester filed a petition for writ of habeas corpus alleging that he should be released because he had been imprisoned for more than ten days and no revocation of parole hearing had been held.
Twenty-four days after the initial incarceration a preliminary hearing on the parole revocation was held resulting in a finding of probable cause to believe that Sylvester had violated his parole. Three days later the trial court granted the petition for writ of habeas corpus and the State appeals, arguing that the trial court misconstrued the pertinent statutory provisions. We agree, and reverse the order granting habeas corpus relief.
Sections 949.10 through 949.12, Florida Statutes (1979) state:
949.10 Subsequent felony arrest of felony parolee or probationer prima facie evidence of violation.  The subsequent arrest on a felony charge, in this state, of any person who has been placed on parole or probation following a finding of guilt of any felony, or a plea of guilty or nolo contendere to any felony, shall be prima facie evidence of the violation of the terms and conditions of such parole or probation. Upon such arrest, the parole agreement or probation order shall immediately be temporarily revoked and such person shall remain in custody until a hearing by the Parole and Probation Commission or the court.
949.11 Hearing.  Any person whose parole or probation agreement is revoked pursuant to s. 949.10 shall be given a hearing pursuant to s. 947.23 or s. 948.06. The hearing shall be held within 10 days from the date of such arrest, the provisions of s. 947.23 or s. 948.06 notwithstanding. Failure of the commission or the court to hold the hearing within 10 days from the date of arrest shall cause the immediate release of such person from incarceration on the temporary revocation.
949.12 Immediate temporary revocation; bail not allowed.  A person whose parole or probation has been temporarily revoked pursuant to s. 949.10 shall not be admitted to bail prior to the hearing provided for in s. 949.11.
The trial court construed these provisions to mandate the release of a parolee, who has been arrested on new felony charges, when no revocation of parole hearing is held within 10 days of the parolee's arrest. The court ruled in this manner despite the fact that Sylvester had been arrested by a parole supervisor subsequent to the temporary revocation of parole. This ruling was similar to the result in Carson v. Bishop, 378 So.2d 882 (Fla. 1st DCA 1979). There, the First District held that Section 947.22 (which empowers the Parole and Probation Commission to issue warrants and make arrests when reasonable grounds to believe a parole violation exists) only applies to violations of parole other than subsequent felony arrests. When a subsequent felony arrest occurs as a violation of parole, the Court held that Sections 949.10 through 949.12 apply, and the parolee must be released on the parole violation unless a hearing is held within ten days of arrest. We disagree with the conclusion reached by the First District, certify that our decision is in conflict therewith, and offer a different interpretation of the statutes.
Section 949.10 provides that when a parolee is arrested for the commission of a subsequent felony, he shall have his parole immediately revoked for a temporary period of ten days. This automatic revocation *1125 occurs only when a parolee has already been placed on parole because of a conviction for a felony offense. It does not apply to paroled misdemeanants or paroled felons who subsequently commit misdemeanors. The purpose behind such automatic revocation of parole is clear; it prevents a paroled felon from obtaining immediate bond upon his alleged commission of a subsequent felony. Hence, the statute is designed to protect the public from the continued liberty of persons with an obvious proclivity for the perpetration of serious crime. This legislative intent is further evinced by the "no bail" provisions of Section 949.12.
Section 949.11, Florida Statutes (1979) provides, however, that if the State wishes to maintain the parolee in continuous incarceration for the parole violation, it must conduct a hearing within the ten day period referred to above. If the Parole and Probation Commission fails to conduct such a timely hearing, then the parolee must be released from the incarceration caused by the automatic temporary revocation of his parole. This does not mean that the parolee is forever discharged from revocation of parole proceedings arising out of the commission of a felony. It simply means that the local "jailing" authority may no longer detain the parolee without further, formal action by the Parole and Probation Commission. Sections 949.10 and 949.11 provide the mechanism by which the State, through prompt action, may insure the continuous incarceration of a dangerous paroled felon, without abrogating the parolee's due process rights. The failure of the State to take advantage of this mechanism does not render the parolee forever immune from arrest by a parole officer for a violation of a condition of parole.
The provision of Section 949.11 which states that a parolee must be given a hearing within 10 days, notwithstanding Section 947.23, does not mean that the normal adjudicatory procedures of Section 947.23 must be altogether abandoned, but rather, Section 949.11 only changes the timing of the hearing with regard to the temporary revocation. Sections 949.10 and 949.11 do not act as a substitute for the formal procedure for parole violations defined in Section 947.23; they only mandate that a paroled felon, arrested for the commission of a felony, will have his parole temporarily revoked for ten days. At any time after the new arrest the Commission may commence formal revocation proceedings pursuant to Sections 947.22 and 947.23.
This interpretation of the statutory provisions is consistent with the holding of Blackburn v. Jackson, 74 So.2d 80 (Fla. 1954), wherein the Supreme Court stated that the circuit courts were without power to release a parolee who was being detained under a parole violation warrant of the Parole and Probation Commission absent a showing of the Commission's abuse of discretion. We note that the warrant procedure is only one of the two methods by which the Parole and Probation Commission can effectuate an arrest under Section 947.22. The other method is the direct, warrantless arrest conducted by a parole officer who "has reasonable grounds to believe that a parolee has violated the terms and conditions of his parole in a material respect." In the present case, the appellee was arrested by a parole officer on the 11th day of his incarceration. This marked the initiation of formal proceedings against the appellee, and the provisions of Sections 949.10 and 949.11 became irrelevant at this point in time. Consequently, the validity of Sylvester's detention depended upon adherence to the requirements of Sections 947.22 and 947.23, not the application of Sections 949.10 through 949.12.
The interpretation of Sections 949.10 through 949.12, Florida Statutes (1979) adopted by the trial court, and relied upon by the appellee, would allow the ludicrous result of affording greater protection to a paroled felon who commits a subsequent felony than a parolee who commits a subsequent misdemeanor or a mere technical violation of parole, e.g. the failure to report a change of residence. Such an interpretation would mean that a paroled felony must be released from custody if no hearing is conducted within ten days of his arrest for *1126 the commission of a new felony; a mere technical parole violator, or a parolee who violates his parole by committing a misdemeanor, would be subject to continued incarceration until a hearing could be held "as soon as practicable," even though incarceration exceeded ten days. We cannot ascribe such an absurd intent to the legislature.
Accordingly, we reverse the order of the circuit court and quash the writ of habeas corpus.
ANSTEAD and BERANEK, JJ., concur.