442 So.2d 177 (1983)
Nathaniel MILLER, Petitioner,
v.
Gerald TOLES, Respondent.
No. 61665.
Supreme Court of Florida.
October 13, 1983.
Rehearing Denied January 16, 1984.
*178 Richard L. Jorandby, Public Defender and Tatjana Ostapoff, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen. and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, and Earl H. Archer, Asst. Gen. Counsel, Florida Parole and Probation Commission, Tallahassee, for respondent.
EHRLICH, Justice.
Petitioner is before this Court appealing denial by the circuit court of a petition for writ of habeas corpus and the subsequent action of the district court of appeal affirming that denial. Miller v. Toles, 407 So.2d 1069 (Fla. 4th DCA 1981). The district court cited its own earlier decision, State v. Sylvester, 401 So.2d 1123 (Fla. 4th DCA 1981) and acknowledged the conflict created with Carson v. Bishop, 378 So.2d 882 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 634 (Fla. 1980). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. For the reasons stated herein, we quash the decision of the court below.
Petitioner, a parolee, was arrested on drug charges. Approximately six weeks later, a warrant was issued charging violation of parole based on the conduct which triggered the arrest. Petitioner was arrested on April 20, 1981, but no hearing was held in the following ten days. Eleven days after the arrest, a preliminary revocation of probation hearing was held; probable cause was found and petitioner was bound over. Petitioner seeks habeas relief based on the provisions of sections 949.10 and 949.11,[1] Florida Statutes (1979) which *179 allows incarceration of a felon who has been placed on parole if he is arrested on a felony charge, but also requires a hearing to be held within ten days of the arrest. The conflict in the courts below focuses on the consequences of failure to provide that hearing within the stipulated time.
The First District Court of Appeal, addressing a similar petition in Carson v. Bishop, construed sections 949.10 and 949.11 of the Florida Statutes (1979) as a specific exception to other statutory provisions for revocation of parole or probation.[2] Focusing on the significant potential for abuse inherent in allowing the Florida Parole and Probation Commission to proceed under both statutes, the district court reasoned:
In a case such as this, when a parolee is arrested for a felony, he could simply be allowed to remain in jail for ten days without any attempt by the Commission to hold a hearing and then be released pursuant to Section 949.11, only to be imprisoned again under Section 949.22 for the same alleged parole violation while the Commission prepares to hold its hearing "as soon as practicable."
378 So.2d at 883.
In State v. Sylvester, the Fourth District Court of Appeal, faced with similar facts, reasoned that failure to provide a hearing pursuant to section 949.11 triggered automatic release from the automatic temporary revocation of parole or probation authorized by section 949.10. Such a failure and subsequent release would not, however, prohibit application of the general parole revocation statutes at any later date. The lower court rejected the reasoning of the First District because it
would allow the ludicrous result of affording greater protection to a paroled felon who commits a subsequent felony than a parolee who commits a subsequent misdemeanor or a mere technical violation of parole, e.g. the failure to report a change of residence.
401 So.2d 1125.
We cannot agree with the Fourth District's interpretation of these statutes. The constitutional ramifications of sections 949.10, 949.11 and 949.12 were thoroughly discussed by this Court in Bernhardt v. State, 288 So.2d 490 (Fla. 1974). In upholding the constitutionality of these provisions, the Court particularly addressed (among others) claims that these procedures failed to meet the minimal due process requirements for parole or probation revocation announced by the United States Supreme Court in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and Morrissey v. Brewer, 408 U.S. 471, *180 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Bernhardt argued that the automatic temporary revocation denied him the right to a preliminary hearing on probable cause. The Court responded:
The instant proceedings provided pursuant to Sections 949.10, 949.11, and 948.06 clearly accord with the mandates of Morrisey and Gagnon. As aforestated, prior to arrest for felony, probable cause that a probationer has committed a felony must exist, and commission of a felony is clearly in violation of condition H of appellant's probation. The sole purpose of the preliminary hearing is to determine whether there is probable cause to believe that a probationer or parolee has violated the terms of his probation or parole.
288 So.2d at 500. Thus, far from granting a parolee or probationer arrested for alleged commission of a felony greater protection than is afforded under chapters 947 and 948, section 949.10 denies the parolee or probationer arrested thereunder a preliminary probable cause hearing, an important element in the due process rights to be afforded all who face possible revocation of probation or parole. Gagnon v. Scarpelli; Morrisey v. Brewer.
Additionally, section 949.12 precludes consideration for release, with or without bail, a right guaranteed in most instances by article I, section 14 of the Florida Constitution and extended to those facing potential parole or probation revocation by sections 947.22 and 948.06, Florida Statutes (1979).
The Fourth District accurately enunciated the clear and compelling state interest underlying sections 949.10, 949.11 and 949.12, but the quid pro quo for affording a lesser measure of due process and for curtailing certain rights granted others who violate conditions of probation or parole is the expedited final hearing afforded by section 949.11. Without that provision, the statute would be subject to constitutional attack as imposing an automatic forfeit of liberty interests upon arrest, not conviction, for a felony.
To allow the Commission to proceed sequentially under both chapters 949 and 947 or 948 would, in effect, automatically impose a ten-day sentence on any parolee or probationer arrested on a felony charge simply for being arrested. Such an arbitrary taking of liberty is unarguably a violation of due process rights protected by the fourteenth amendment of the United States Constitution and article I, section 9 of the Florida Constitution. Having been granted the statutory short-cut of arresting a parolee without affording him a probable cause hearing, the Commission is bound to follow the procedures set forth in section 949.11. Failure to do so must waive further action pursuant to the arrest by the Commission, just as failure of the state to observe a defendant's rights under the Speedy Trial Rule results in dismissal of all charges. In contrast, however, the consequences of the Commission's failure to follow procedures set forth in section 949.11 are unlikely to be as final or as burdensome to society as the results of failure to observe the Speedy Trial Rule. Although the Commission is precluded from proceeding under chapters 947 or 948, the arrested individual is still committed to the jurisdiction of the court in which charges were filed, subject to the imposition of bail or incarceration pending trial on those charges. Conviction, as opposed to arrest, on the subsequent felony charges would give rise to further proceedings before the Commission.
Ultimately, the ten-day limit imposed by section 949.11 creates minimal danger for society and imposes little hardship on the Commission which, provided with the evidence supporting the arrest, should require little or no investigation to prepare for the hearing. If the ten-day limit prejudices anyone at all, it is the accused, who must, in effect, defend himself against criminal charges within ten days of arrest. In the balancing of interests which must be protected, we find that the interests of all concerned, society, the Commission and the accused, are best served by embracing the *181 interpretation of the statute propounded by the First District.
Accordingly, the writ of habeas corpus is granted, and the decision of the Fourth District Court is quashed.
It is so ordered.
ADKINS, BOYD, OVERTON and SHAW, JJ., concur.
ALDERMAN, C.J., dissents with an opinion, in which McDONALD, J., concurs.
ALDERMAN, Chief Justice, dissenting.
Although we do have discretionary jurisdiction over this case on the basis of conflict of decisions, in view of the fact the statutes which the majority opinion construes were repealed in 1982, I believe the Court should exercise its discretion and deny review rather than writing a decision which will have no jurisprudential value.
Moreover, I disagree with the majority's resolution of this case on the merits. The District Court of Appeal, Fourth District, correctly affirmed the trial court's order denying Miller's petition for writ of habeas corpus, and its decision should be approved. The Fourth District relied on its recent decision in State v. Sylvester, 401 So.2d 1123 (Fla. 4th DCA 1981), as authority for denial of Miller's petition.
The Fourth District in Sylvester correctly interpreted sections 949.10, 949.11, and 949.12, Florida Statutes (1979), as read in conjunction with sections 947.22 and 947.23. It explained that section 949.10 provides that when a parolee is arrested for the commission of a subsequent felony, he shall have his parole immediately revoked for a temporary period of ten days and found that this statute was designed to protect the public from the continued liberty of persons with a proclivity to commit crimes. This automatic, temporary revocation is limited by section 949.11 which requires that a hearing be held within ten days if the state wants to retain the parolee in custody under these statutory provisions. If the hearing is not held within the specified time, then the parolee must be released from incarceration resulting from the automatic, temporary revocation. The Fourth District concluded that this does not mean that he is foreover discharged from revocation proceedings arising out of the commission of a felony. Rather, it merely means that he may no longer be retained without further formal action by the Parole and Probation Commission pursuant to sections 947.22 and 947.23. As the Fourth District pointed out in Sylvester, to interpret sections 949.10 and 949.11 as requiring a parolee's discharge foreover from revocation arising out of the commission of a subsequent felony, "would allow the ludicrous result of affording greater protection to a paroled felon who commits a subsequent felony than a parolee who commits a subsequent misdemeanor or a mere technical violation of parole, e.g. the failure to report a change of residence." 401 So.2d at 1125. The district court continued:
Such an interpretation would mean that a paroled felon must be released from custody if no hearing is conducted within ten days of his arrest for the commission of a new felony; a mere technical parole violator, or a parolee who violates his parole by committing a misdemeanor, would be subject to continued incarceration until a hearing could be held "as soon as practicable," even though incarceration exceeded ten days.
401 So.2d at 1125-26. The Fourth District concluded that it could not ascribe such an absurd intent to the legislature, nor should we.
Since the statutes in question have been repealed, I would deny review. Alternatively, I would approve the decision of the district court affirming the trial court's order denying Miller's petition for writ of habeas corpus.
McDONALD, J., concurs.
NOTES
[1] Florida law provides:

949.10 Subsequent felony arrest of felony parolee or probationer prima facie evidence of violation.  The subsequent arrest on a felony charge, in this state, of any person who has been placed on parole or probation following a finding of guilt of any felony, or a plea of guilty or nolo contendere to any felony, shall be prima facie evidence of the violation of the terms and conditions of such parole or probation. Upon such arrest, the parole agreement or probation order shall immediately be temporarily revoked and such person shall remain in custody until a hearing by the Parole and Probation Commission or the court.
949.11 Hearing  Any person whose parole or probation agreement is revoked pursuant to s. 949.10 shall be given a hearing pursuant to s. 947.23 or s. 948.06. The hearing shall be held within 10 days from the date of such arrest, the provisions of s. 947.23 or s. 948.06 notwithstanding. Failure of the commission or the court to hold the hearing within 10 days from the date of arrest shall cause the immediate release of such person from incarceration on the temporary revocation.
These sections were repealed in 1982. Ch. 82-171, § 18, Laws of Fla.
[2] The general provisions for revocation of parole and probation are found in chapters 947 and 948 of Florida Statutes. Relevant portions provide:

947.23 Actions of commission upon arrest of parolee.  (1) As soon as practicable after the arrest of a person charged with violation of the terms and conditions of his parole, the parolee shall be afforded a prompt preliminary hearing, conducted by a member of the commission or its duly authorized representative, at or near the place of violation or arrest to determine if there is probable cause or reasonable grounds to believe that the parolee has committed a violation of the terms or conditions of his parole.
948.06 Violation of probation; revocation; modification; continuance.  (1) Whenever within the period of probation there is reasonable ground to believe that a probationer has violated his probation in a material respect, any parole or probation supervisor may arrest such probationer without warrant wherever found, and forthwith shall return him to the court granting such probation... . The court, upon the probationer being brought before it, shall advise him of such charge of violation... . If such violation of probation is not admitted by the probationer, the court may commit him or release him with or without bail to await further hearing, or it may dismiss the charge of probation violation. If such charge is not at said time admitted by the probationer and if it is not dismissed, the court, as soon as may be practicable, shall give the probationer an opportunity to be fully heard on his behalf in person or by counsel.