RYDER, Judge.
In January 1982, Artis Lee Benton was charged with uttering a forged instrument and grand theft. This is appeal no. 83-1223. In February 1982, Benton was charged with another grand theft. That is appeal no. 83-1224. Benton pleaded guilty in both cases. In case no. 83-1223, he was placed on probation for two concurrent five-year terms. In case no. 83-1224, Benton was placed on probation for a term of five years consecutive to the terms in no. 83-1223.
Affidavits and warrants were filed on November 5,1982, in case nos. 83-1223 and 83-1224, alleging probation violations by Benton. It was alleged that Benton left his approved residence and absconded from supervision.
On November 24, 1982, Benton was charged with grand theft and uttering a forged instrument. This is before us as no. 83-1225. These charges were separate from those in nos. 83-1223 and 83-1224. Benton pleaded guilty with the understanding that his sentence in no. 83-1225 would be limited to “two years.” That sentence would have run consecutive to the sentences imposed upon the revocation of his probation in nos. 83-1223 and 83-1224.
Amended affidavits were filed alleging that Benton violated the conditions of his probation by changing his residence without consent and by failing to live and remain at liberty without violating any law.
The trial court revoked Benton’s probation in nos. 83-1223 and 83-1224; the court stated at the hearing that the revocation was based on Benton’s plea of guilty in no. 83-1225. The written orders of revocation indicate that Benton violated his probation as alleged in the amended violation of probation affidavits.
In no. 83-1223, Benton was sentenced to two concurrent terms of five years imprisonment. In no. 83-1224, a two-year sentence of imprisonment was imposed consecutive to the sentences in no. 83-1223. In no. 83-1225, Benton was sentenced to two concurrent terms of five years probation, consecutive to the sentence in no. 83-1224.
No evidence was presented below in support of the allegations in the amended affidavits that Benton had violated his probation by changing his residence without the consent of his probation officer. For that reason, we strike from the trial court’s *411 revocation orders the references to those allegations. Nevertheless, we affirm the revocation of Benton’s probation in nos. 83-1223 and 83-1224 as the guilty plea in no. 83-1225 is evidence of a substantial violation of probation sufficient to support the revocation of Benton’s probation. Scherer v. State, 366 So.2d 840 (Fla. 2d DCA 1979).
From the record before us, it appears that Benton was not sentenced in accordance with the plea agreement in no. 83-1225. The record indicates that Benton pleaded guilty with the understanding that he would be sentenced for “two years” to run consecutive to the sentences imposed upon the revocation of his probation. In fact, Benton was sentenced to two concurrent terms of five years probation consecutive to the sentence in no. 83-1224.
The record also reveals that Benton made no objection to the trial court concerning the sentences in no. 83-1225. Nor did Benton move to withdraw the plea of guilty upon learning that the sentencing would not be in accordance with his understanding of the plea agreement.
It is clear that objections to sentencing are to be first raised before the trial court. As Benton failed to do so, we affirm the judgment and sentences in no. 83-1225 without prejudice to the filing of an appropriate motion pursuant to Florida Rule of Criminal Procedure 3.850. In such a motion, Benton may attack infirmities in his sentencing in no. 83-1225. McIntyre v. State, 427 So.2d 1108 (Fla. 3d DCA 1983); Gaskins v. State, 415 So.2d 132 (Fla. 5th DCA 1982); Medina v. State, 411 So.2d 323 (Fla. 5th DCA 1982); Fuller v. State, 406 So.2d 1212 (Fla. 3d DCA 1981). See Castor v. State, 365 So.2d 701 (Fla.1978).
AFFIRMED.
BOARDMAN, A.C.J., and GRIMES, J., concur.