BARFIELD, Judge.
Erling Knud Ove Hansen, Jr. appeals from an order denying his petition for writ of habeas corpus. We reverse.
*1103 Petitioner was paroled in 1979. He was arrested on April 28, 1980, on a charge of sexual battery and held in the Gadsden County Jail. On April 30, 1980, the Florida Parole and Probation Commission (FPPC) issued a warrant for retaking paroled prisoner. He was first seen by a FPPC representative on May 12, 1980, and a preliminary hearing was initially set for May 20 but held on June 17. An order committing him to prison pending final hearing was entered on July 2.
The final hearing was set for November 5, 1981 (more than sixteen months later) and, after a request for continuance by petitioner’s counsel, was held April 29, 1983. An order revoking parole was entered May 25, 1983.
In February of 1984, Hansen filed his petition for writ of habeas corpus in the circuit court. The trial judge, relying on State v. Sylvester, 401 So.2d 1123 (Fla. 4th DCA 1981), denied the petition by order dated February 29, 1984. Hansen filed a motion for reconsideration on March 6, 1984, which was granted, and the circuit court issued its order to show cause on April 5. However, petitioner had filed a notice of appeal in this court on March 27, thus divesting the circuit court of jurisdiction and the motion for reconsideration was therefore deemed abandoned.
After a series of motions, responses and orders relating to the procedural posture and record in this court which have delayed consideration of the merits for the past twelve months, the case is now before us for consideration.
The Supreme Court of Florida specifically rejected State v. Sylvester in its decision of Miller v. Toles, 442 So.2d 177 (Fla.1983), in which it held that a parolee incarcerated on the basis of a felony arrest must be given a hearing within ten days as required by section 949.11 Florida Statutes (1979). Apparently on the basis of the Miller v. Toles decision, the trial court granted the motion for reconsideration and issued the show cause order. The trial court’s action was proper. The relief to which the petitioner was entitled was being afforded him in the trial court. It is in the trial court and under that procedure that the petitioner now belongs.
We reverse the order denying petition for writ of habeas corpus on the basis of Miller v. Toles, and remand the case to the trial court for its issuance of an order to show cause as it previously had done.
REVERSED and REMANDED.
ERVIN, C.J., and WENTWORTH, J., concur.