493 So.2d 38 (1986)
Erling Knud Ove HANSEN, Jr., Appellant,
v.
Louie L. WAINWRIGHT, Secretary, Department of Corrections, and Anabel P. Mitchell, Chairperson, Florida Parole and Probation Commission, Appellees.
No. BJ-234.
District Court of Appeal of Florida, First District.
August 12, 1986.
Rehearing Denied September 18, 1986.
*39 Erling Knud Ove Hansen, Jr., in Pro. Per.
Doris E. Jenkins, Gen. Counsel, Florida Parole & Probation Com'n, Tallahassee, for appellees.
PER CURIAM.
Appellant appeals an order of the circuit court denying a petition for writ of habeas corpus. We affirm the order.
Appellant has filed numerous appeals subsequent to an order revoking his parole entered by the Florida Parole and Probation Commission on May 25, 1983.[1] This court dismissed a direct appeal in Hansen v. Florida Parole and Probation Commission, 436 So.2d 349 (Fla. 1st DCA 1983). Appellant then filed a habeas corpus petition which was denied by the circuit court on October 11, 1983. The order denying the first habeas petition was affirmed by this court in Hansen v. Wainwright, 451 So.2d 852 (Fla. 1st DCA 1984). Appellant filed another habeas petition which was denied by the circuit court February 29, 1984. Upon consideration of this second petition in Hansen v. Wainwright, 468 So.2d 1102 (Fla. 1st DCA 1985), this court, on the basis of Miller v. Toles, 442 So.2d 177 (Fla. 1983), reversed the order of the circuit court, denying the petition and directed the circuit court to issue an order to show cause.
The Parole and Probation Commission, in its response to the order to show cause, argued, among other things: (1) Miller v. Toles is limited to a subsequent felony arrest of a felony parolee and that appellant's technical parole violation is sufficient to support the order of revocation, and (2) that appellant voluntarily waived his right to a preliminary hearing within ten days of his felony arrest.
Miller v. Toles mandates that a parolee incarcerated on the basis of a subsequent felony arrest must be given a preliminary hearing within ten days as, required by Section 949.11, Florida Statutes (1979), and states that failure to so provide "waive[s] further action pursuant to the *40 arrest by the Commission." 442 So.2d 180.[2] We find nothing in the record disclosing that the appellant waived his right to a preliminary hearing within ten days, as required by section 949.11. If appellant's arrest and parole revocation had been based solely on the felony arrest, then, pursuant to Miller, the subsequent revocation would be void, because the appellant was not provided a preliminary hearing until 47 days after the Parole and Probation Commission issued a warrant to retake the appellant.
The above conclusion, however, does not mandate appellant's immediate discharge from custody. We observe that in the warrant retaking the appellant into custody, and in the subsequent revocation proceedings, the appellant was charged with both the commission of felonies and with technical parole violations, including condition number seven of his parole  carrying a weapon without securing the consent of his parole supervisor, as an alternative basis for revoking appellant's parole. Revocations of parole for technical violations, unlike revocations based upon subsequent felony arrests, are governed by Section 947.23, Florida Statutes (1979), which formerly had required a preliminary hearing "as soon as practicable after the arrest of the person charged with the violation of the terms of his parole."[3] Technical parole violations are not governed by the rule in Miller v. Toles. Appellant in the habeas petition currently on appeal to this court did not object to the scheduling of the preliminary hearing for the technical parole violation pursuant to section 947.23.
Because, therefore, an alternative basis exists in the record on which to sustain appellant's parole violation, and because appellant did not timely challenge the correctness of the revocation based upon the technical violation below, nor argue it on appeal, we affirm. We therefore decline to consider whether the preliminary hearing for appellant's technical parole violation was consistent with section 947.23, or with the due process requirements of the United States Constitution, as outlined by the United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 485, 92 S.Ct. 2593, 2602, 33 L.Ed.2d 484 (1972).
Appellant, however, did state in his petition that he had objected to the scheduling of the final revocation hearing as in violation of section 947.23. The record before this court clearly indicates that the appellant waived his right to a timely final revocation hearing and his claim to the contrary is without merit.
To conclude: the revocation of parole by the Parole and Probation Commission was in error, insofar as it was based on condition number eight  commission of a felony. Nevertheless, the parole revocation as it was based on a technical ground, condition number seven  possession of a weapon without permission of his parole supervisor  has not been challenged and therefore provides a sufficient basis on which to affirm the order of the circuit court denying the writ of habeas corpus. Cf. Benton v. State, 442 So.2d 410 (Fla. 2d DCA 1982) (court affirmed revocation of probation where there was sufficient evidence of a substantial violation of probation, although it struck one of the grounds used by the trial court in revoking probation for lack of evidence); Edwards v. State, 411 So.2d 274 (Fla. 1st DCA 1982) (court affirmed trial court's modification of probation finding there was sufficient evidence to justify the modification based on the violation of one condition while finding the evidence was insufficient to support modification based on the violation of another condition.) But cf. Watts v. State, 410 So.2d 600 (Fla. 1st DCA 1982) (after striking one out of four *41 findings of probation violation, the court remanded probation revocation to the trial court). See also Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656 (1973) (observing that there are no due process distinctions between the parole revocation process and the probation revocation process).
AFFIRMED.
BOOTH, C.J., and ERVIN and THOMPSON, JJ., concur.
NOTES
[1] On April 30, 1983 the Parole and Probation Commission issued a warrant to retake the appellant into custody for two technical parole violations and two felony parole violations. The technical violations were for violations of the following conditions of parole: condition number seven, carrying a weapon without first securing consent of his parole supervisor, and condition number two, leaving his county of residence without securing the consent of his parole supervisor. The felonies upon which the warrant to retake was based were two alleged sexual batteries. The appellant was subsequently acquitted of the sexual battery offenses.

On May 25, 1983 the Parole and Probation Commission revoked appellant's parole, finding that he had committed one technical parole violation, carrying a weapon without securing consent of his parole supervisor, and that he had committed one felony, the act of sexual battery.
[2] Sections 949.10 and 949.11 upon which the Miller opinion was based were repealed by Ch. 82-171, § 18 Laws of Fla. All parole revocation proceedings subsequent to the repeal of sections 949.10 and 949.11 are governed by section 947.23.
[3] Section 947.23 was later amended by Ch. 82-171, § 17, Laws of Florida, which substituted "within 30 days" for the words "as soon as practicable".