SHIVERS, Judge.
This is an appeal from the trial court’s summary denial of appellant Hansen’s petition for writ of habeas corpus. We reverse, and remand for the trial court to issue an order to show cause.
The record indicates that Hansen filed a. petition for writ of habeas corpus in the circuit court on December 16, 1986, after which the trial court issued an order to show cause. While that petition was pending, Hansen realized that there were several additional grounds that he had failed to raise. He thus filed a petition for writ of habeas corpus with this court. We dismissed the petition, but did so without prejudice to Hansen’s either amending the December 16,1986 petition already filed in the circuit court, or filing an additional petition in the circuit court raising the new grounds.
On March 27, 1987, Hansen filed a motion in the circuit court to amend the December 16, 1986 petition. The trial court denied the December 16 petition without addressing the motion to amend, and on May 5, 1987, Hansen filed notice of appeal of the denial in this court. As the circuit court had not ruled on Hansen’s motion to amend, he then filed a separate petition for writ of habeas corpus in the circuit court on May 15, 1987, raising the issues he had attempted to raise in the amended petition. When one month passed without Hansen hearing anything regarding the latest filed petition, he wrote a letter to the circuit judge inquiring as to its status. The judge responded by letter, stating that he no longer had jurisdiction over the matter. Hansen then wrote to the judge again, asking whether he could construe the first *1347 letter as a summary denial of the May 15 petition for writ of habeas corpus. The judge responded on July 16, 1987, stating that the answer to Hansen’s question was “yes.”
Initially, we note that the trial court did have jurisdiction over the matter, at the time he wrote both letters to Hansen. The petition for writ of habeas corpus filed on May 15, 1987 raised entirely different grounds for relief than did the petition filed on December 16, 1986. Therefore, the appeal of the December 16, 1986 petition to this court did not divest the trial court of its jurisdiction over the issues raised in the May 15, 1987 petition. Finding that the trial court had jurisdiction over the matter, we reverse on the basis that summary denial without issuance of an order to show cause was erroneous.
The record indicates that Hansen pled guilty to second-degree murder in Duval County in 1970, was sentenced to 75 years imprisonment, and was released on parole subject to several conditions on February 18,1979. On April 28,1980, he was arrested on a charge of sexual battery and held in the Gadsden County Jail. Two days later, the Florida Parole and Probation Commission issued a warrant for retaking paroled prisoner, charging Hansen with two technical parole violations: (1) leaving Leon County and traveling to Gadsden County without the consent of his parole supervisor (Condition 2); (2) carrying a knife without the consent of his parole supervisor (Condition 7), and two felony parole violations: (1) commission of a sexual battery on April 13, 1980, in Gadsden County (Condition 8); (2) commission of a sexual battery on April 24, 1980, in Leon County (Condition 8). An initial interview was held on May 12, 1980, during which Hansen requested a preliminary hearing to determine probable cause for the parole violations pursuant to section 947.23, Florida Statutes. The hearing was originally set for May 20,1980, but was not held until June 17, 1980. At the preliminary hearing, it was determined that there was probable cause to support the violation of Condition 7 and the two violations of Condition 8. The allegation of violation of Condition 2 was dismissed for lack of probable cause, and Hansen was committed to prison pending a final hearing. Although the final hearing was originally set for November 5, 1981, it was not held until April 29, 1983. An order revoking parole was entered on May 25, 1983.
In his May 15, 1987 petition for writ of habeas corpus, Hansen raised five grounds: (1) that the June 17, 1980 preliminary hearing took place 47 days after Hansen’s arrest, in violation of section 947.23(1), Florida Statutes; (2) that the preliminary hearing was not held “at or near the place of violation or arrest,” in violation of section 947.23(1), Florida Statutes; (3) that appellant was not given timely notice of the date of the preliminary hearing, in violation of section 947.23(l)(a); (4) that appellant was denied the right to cross-examine adverse witnesses, in violation of 947.23(l)(b), since neither of the only witnesses who allegedly saw the violation of condition 7 (Ms. Over-lease and Ms. Boals) were present at the preliminary hearing, and no reason was given for their absence; and (5) that appellant was not furnished with a copy of the findings of the preliminary hearing until five years after the hearing, in violation of section 947.23(1), Florida Statutes.
We find the trial court to have been correct in dismissing ground 2 of the petition. Section 947.23(1), Florida Statutes, requires that a preliminary hearing to determine if there is probable cause to believe that parole has been violated shall be held “at or near the place of violation or ar-rest_” Since the parole revocation warrant indicates that the violations allegedly occurred in both Leon and Gadsden counties, this ground appears to be without merit. In any event, Leon County is adjacent to Gadsden County and, thus, “near” the place of arrest, and the record indicates that the witnesses who appeared at the preliminary hearing were from both counties.
*1348 The trial court erred, however, m summarily dismissing grounds 1, 3, 4, and 5 of the petition. In keeping with the due process requirements of the U.S. Constitution, as outlined by the United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), section 947.23(1), Florida Statutes (1979) required that a preliminary hearing on revocations of parole for technical parole violations be held “[as] soon as practicable after the arrest of a person charged with violation of the terms and conditions of his parole....” That section was amended by the Florida Legislature in 1982, after Hansen’s alleged technical parole violations, to require a preliminary hearing within 30 days of arrest. The 47-day delay between Hansen’s arrest and his preliminary hearing would therefore appear to be a violation of section 947.23(1), in the absence of any waiver by the appellant. See Fowler v. Cross, 635 F.2d 476 (5th Cir.1981), finding a 50-day delay between arrest and hearing to violate the requirements of section 947.23(1) and of Morrissey. Since we can find no evidence in the record to indicate whether or not the delay was requested by appellant’s attorney, as asserted by appellee and denied by appellant, summary denial of this point appears to be erroneous.
Hansen’s third claim also appears to be at least facially meritorious, since appel-lee does not deny that Hansen failed to receive timely notice of the June 17, 1980 hearing, as required by section 947.23(l)(a), but argues only that Hansen could not have been prejudiced thereby since his attorney requested the delay. As stated above, we can find no indication in the record that Hansen’s attorney in fact requested continuance of the preliminary hearing until June 17, 1980.
Similarly, appellees do not dispute Hansen’s fifth ground, but argue only that Hansen failed to show how he was prejudiced by his failure to receive a personal copy of the findings, and failed to allege that his attorney did not receive a copy. As section 947.23(1) clearly mandates that “[t]he findings based on the evidence presented at the preliminary hearing shall be made available to the parolee either immediately following the hearing or within a reasonable time thereafter,” this ground is at least facially meritorious.
Last, section 947.23(l)(b) mandates that a parolee “shall be permitted to cross-examine adverse witnesses, unless it is determined that good cause exists not to allow such examination.” Hansen alleges that since neither of the two witnesses who allegedly observed him violate condition 7 of his parole were present at the preliminary hearing, and no reason was given for their absence, section 947.23(l)(b) was violated. Not only does this ground appear to be meritorious but, if it is true that Over-lease and Boals were the only two witnesses to the violation of condition 7, their absence would seem to mandate dismissal of the alleged violation of condition 7 for lack of probable cause. In light of this court’s finding in Hansen v. Wainwright, 493 So.2d 38 (Fla. 1st DCA 1986) that the revocation of parole based on the two violations of condition 8 were erroneous, a dismissal of the alleged violation of condition 7 for lack of probable cause would leave no basis for revocation of Hansen’s parole.
Accordingly, the trial court’s summary denial of grounds 1, 3, 4, and 5 of appellant’s May 15, 1987 petition for writ of habeas corpus is hereby reversed, and the trial court is directed to issue an order to show cause.
SMITH, C.J., and MILLS, J., concur.