SHIVERS, Judge.
This is an appeal from an order denying appellant Hansen’s petition for writ of ha-beas corpus. We affirm in part, reverse in part, and remand.
The record indicates that Hansen was sentenced in 1970 to 75 years imprisonment, after pleading guilty to second-degree murder in Duval County. While on parole in 1980, he was arrested on a charge of sexual battery. Two days after his arrest, the Florida Parole and Probation Commission (Commission) charged Hansen with four parole violations: (1) leaving Leon County and traveling to Gadsden County without the consent of his parole supervisor; (2) carrying a knife without the consent of his parole supervisor; (3) commission of a sexual battery on April 13, 1980, in Gadsden County; and (4) commission of a sexual battery on April 24, 1980, in Leon County. After a preliminary hearing pursuant to section 947.23, Florida Statutes, the first allegation was dismissed for lack of probable cause. A final hearing was held on April 29, 1983, and an order was entered revoking Hansen’s parole on May 25, 1983.[1]
In a petition for writ of habeas corpus dated December 16, 1986, Hansen raised ten grounds for relief: (1) that he was denied the right to cross-examine adverse witnesses, as guaranteed in section 947.-23(4)(f), Florida Statutes, and Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), by virtue of the Commission’s failure to call Hansen’s parole supervisor, Fred Ingly, as a witness at the final revocation hearing; (2) that he was denied the right to present witnesses, as guaranteed in section 947.23(4)(d), Florida Statutes and Morrissey, supra, by the Commission’s failure to notify appellant’s wife of the final hearing date so that she could appear as a witness; (3) that he was not provided a written statement of the evidence relied on and the reasons for revoking parole, as guaranteed in section 947.23(6) and Morrissey, supra; (4) that he *716 was denied effective assistance of counsel when the attorney appointed to represent him at the final revocation hearing filed a request for continuance over Hansen’s objection; (5) that the evidence indicated that appellant was carrying a common pocketknife, which is not a “weapon” under the definition contained in section 790.001(13), Florida Statutes; (6) that he was illegally arrested under section 947.22, Florida Statutes, as that statute constitutes an unlawful expansion of the powers granted the Commission under Article II, section 3 of the Florida Constitution; (7) that the Commission has no power to revoke parole under Article IV, section 8(c) and, therefore, that section 947.23, Florida Statutes is unconstitutional and appellant’s parole was illegally revoked; (8) that the Commission was an unlawful agency as its commissioners had served in excess of six years; (9) that the Legislature had unlawfully shifted supervisory field staff from the Commission to the Department of Corrections, rendering the Commission’s decisions unconstitutional; and (10) that the Legislature had created an illegal unconstitutional agency.
For some reason not apparent from the record, the petition mailed by Hansen on December 16, 1986, was not filed in the circuit court until January 23, 1987. The trial court then issued an order to show cause, giving appellees 45 days to respond. On March 9, 1987, the due date of the response, Hansen filed a motion to issue the writ, arguing that since appellees had failed to respond, the writ must be issued. Appellee Fontana filed a motion for enlargement of time on March 18, stating that he had received appellant’s petition on December 17,1986, but that neither he, the Department of Corrections, nor the Attorney General, had received a copy of the order to show cause, and that the Commission had been unaware of the existence of an order to show cause until it received Hansen’s petition to issue the writ on March 13. An order granting a 10-day extension of time was entered on March 19, the same date that Hansen mailed his motion to deny the extension. On March 23, appellees Fontana and Wainwright filed a second motion for a 10-day extension, which the court granted on March 24. Once again, the court’s order granting the extension and appellant’s motion objecting to the extension crossed each other in the mail. Appellees’ response to the order to show cause was finally filed on March 27, 1987.
In an order dated April 28,1987, the trial court denied the petition for writ of habeas corpus on the basis that grounds 1 through 5 failed to state a claim entitling Hansen to relief, and that grounds 6 through 10 were currently pending in a separate case filed in the Second Judicial Circuit Court (numbered 85-3906). Hansen raises three grounds on appeal, only one of which we find to be meritorious.
First, Hansen argues that the trial court erred in granting appellees’ March 18, 1987 motion for enlargement of time. We disagree. Appellees’ statement that they were unaware of the order to show cause until March 13 established excusable neglect for their failure to file a timely response, forming a proper basis for granting a motion made after the expiration of the specified period. Rule 1.090(b), Fla.R. Civ.P.
Next, Hansen argues that the trial court's denial of grounds 1 through 5 of his petition is unsupported by the record. Again we disagree, finding that the trial court properly determined the first five grounds to be without merit. First, although Mr. Ingly did appear at the preliminary hearing, the record indicates that he was not called as an adverse witness at the final hearing. The reason for this does not appear in the record; however, since Ingly’s testimony was not used against Hansen, Hansen was not denied the right to confront and cross-examine Ingly as an adverse witness as guaranteed in section 947.23(4)(f), Florida Statutes. The second ground is likewise refuted by evidence in the record of appellees’ April 11, 1983 letter to Hansen, advising him that a final hearing would be conducted on April 28, 1983, and stating “Please advise me of any witnesses that you desire to have subpoenaed for the hearing.” Since it appears *717 that Hansen failed to notify the Commission to subpoena his wife, after being given the opportunity to do so, he cannot successfully argue that he was denied due process by the Commission. Third, section 947.-23(1), Florida Statutes contains a requirement that findings based on evidence presented at the preliminary hearing be made available to the parolee within a reasonable time. Section 947.23(6), however, contains no such provision with regard to the final hearing. In any event, the revocation order entered on May 25, 1983 contains a summary of witness Boals’ testimony that Hansen threatened her with a knife, thereby supporting the court’s finding of revocation based on the second parole violation (above). Fourth, the evidence fails to support Hansen’s claim that his attorney’s request for continuance or his waiver of the time limitations constituted ineffective assistance of counsel. As indicated in the request for continuance, and in a letter in support of the request written by the attorney representing Hansen on the sexual battery charge, both attorneys felt that postponement of the hearing until after the criminal trial on the underlying sexual battery charge was necessary. Fifth, the exclusion of pocketknives from the definition of weapon, found in section 790.001(13), applies only to the use of the word weapon in Chapter 790. Section 790.-001, Florida Statutes. Under the terms of parole contained in the record, appellant was prohibited from owning, possessing, or carrying any weapon. In any event, the evidence indicates only that appellant used a knife, and certainly indicates that it was used as a weapon.
Last, Hansen argues that the trial court erred in dismissing grounds 6-10 of the petition on the basis that they were previously raised and pending in another case. We agree, and reverse on this issue. Grounds 6-10 of Hansen’s petition for writ of habeas corpus challenge the constitutionality of section 947.22 under which authority the Commission arrested him, the constitutionality of section 947.23 authorizing the Commission to revoke his parole, and the constitutionality of the agency itself and its actions. On the basis of each of these grounds, appellant claims that he was unlawfully arrested and that his parole was unlawfully revoked, all by an unconstitutional agency, thereby entitling him to relief in the form of immediate release from incarceration. In Case No. 85-3906, the case pending in the Second Judicial Circuit, appellant raises the same issues but seeks injunctive, declaratory, and monetary relief. Since the relief being sought in the petition for writ of habeas corpus is entirely different from that being sought in Case No. 85-3906, we find the dismissal of these grounds to have been erroneous.
Accordingly, we affirm the trial court’s grant of appellees’ motion for enlargement of time and the denial of grounds 1-5 of the petition, but reverse the dismissal of grounds 6-10. Since the trial court has made no ruling on the merits of grounds 6-10, we remand for further proceedings.
SMITH, C.J., and MILLS, J., concur.

. In an earlier appeal brought by Hansen, this court found that the revocation of parole was erroneously based on the two sexual batteries (see violations 3 and 4, above) because of the Commission’s failure to conduct a preliminary hearing within 10 days of Hansen’s arrest. Hansen v. Wainwright, 493 So.2d 38 (Fla. 1st DCA 1986).