PER CURIAM.
Appellant Hansen appeals the denial of his petition for a writ of habeas corpus. The appellant alleges that his preliminary hearing for parole revocation was deficient in several respects. We find that none of the alleged infirmities require issuance of a writ of habeas corpus, and therefore we affirm.
The appellant pled guilty to second degree murder in 1970 and was sentenced to seventy-five years imprisonment. On February 18, 1979, Hansen was released on parole, subject to several conditions. He was arrested on April 28, 1980, for sexual battery. The Parole and Probation Commission (Commission) issued a warrant shortly thereafter charging four violations of parole: (1) leaving Leon County without consent of parole supervision, (2) carrying a knife without consent, (3) sexual battery in Gadsden County, and (4) sexual battery in Leon County. A probable cause hearing was requested on May 12, 1980. The hearing was held on June 17,1980, where it was determined that there was probable cause that the appellant committed the sexual batteries and carried a knife, but that there was insufficient probable cause concerning the departure from Leon County. Hansen was committed to prison pending a final hearing which was held on April 29, 1983. Hansen’s parole was revoked by the Commission which found that Hansen had violated his parole conditions by carrying a knife and committing a felony, Hansen v. Wainwright, 493 So.2d 38, 39 n. 1 (Fla. 1st DCA 1986). He was subsequently acquitted of both sexual battery charges.
Hansen filed an appeal with this court which dismissed, holding that his remedy lay in the circuit court by way of a petition for an extraordinary writ. Hansen v. Florida Parole and Probation Commission, 436 So.2d 349 (Fla. 1st DCA 1983). Hansen subsequently filed a petition for a writ of habeas corpus. The circuit court denied it, and we affirmed. Hansen v. Wainwright, 451 So.2d 852 (Fla. 1st DCA 1984).
Hansen’s second habeas petition, filed in February 1984, argued that the preliminary hearing to determine probable cause was not timely held. The trial court denied the petition, citing State v. Sylvester, 401 So.2d 1123 (Fla. 4th DCA 1981). A motion for reconsideration was filed, and the trial court issued an order to show cause. Shortly thereafter, Hansen filed an appeal, and the motion for reconsideration was deemed abandoned. On appeal, this court held that State v. Sylvester had been disapproved by the Supreme Court in Miller v. Toles, 442 So.2d 177 (Fla.1983) (a parolee incarcerated on the basis of a felony arrest must be given a hearing within ten days). Accordingly, this court reversed and remanded for an issuance of an order to show cause.
The Commission responded to the order to show cause by arguing, among other things, that Miller v. Toles was limited to substantive felony arrests. Since Hansen also committed “technical” violations of his parole, Miller v. Toles was not controlling. Furthermore, Hansen waived his right to a hearing within ten days. After considering this response, the circuit judge denied the petition.
On appeal of the denial, this court held that the record failed to disclose any evidence of waiver. However, this court held that technical parole violations were indeed outside the scope of Miller v. Toles. Because the suspension of parole until the final hearings was not based exclusively on the felonies, and because the appellant did not argue the preliminary hearing was untimely under section 947.23, Florida Statutes (1979), there was sufficient basis to affirm the lower court. Hansen v. Wainwright, 493 So.2d 38 (Fla. 1st DCA 1986) (Hansen II).
Appellant filed a third petition for a writ of habeas corpus in December 1986, this time alleging errors in the final revocation hearing. A short time earlier, a civil suit had been filed seeking declaratory, injunc-tive and monetary relief. The trial court denied the petition. On review, this court held that the first five grounds raised in the petition were barred, as these were raised in the civil suit. The latter five grounds, however, were not barred by the *1171 suit. The trial court’s denial was therefore reversed for consideration of those latter grounds. Hansen v. Fontana, 517 So.2d 714 (Fla. 1st DCA 1987).
Hansen filed another habeas petition on May 15, 1987, which addressed the timeliness of the preliminary hearing, among other things. Hansen attempted to include these issues in the December 1986 petition through a motion for a leave to amend. The December 1986 petition was denied before the motion was ruled upon. Because the denial of the December 1986 petition had been appealed, the circuit court felt it had no jurisdiction to hear the May 1987 petition. Therefore, it was summarily denied.
Appeal was again taken, and this court held that the appeal of the December 1986 petition [Hansen v. Fontana, supra], did not divest the circuit court of jurisdiction to consider the May 1987 petition which appeared to raise five facially meritorious issues. Hansen v. Dugger, 515 So.2d 1345 (Fla. 1st DCA 1987) (.Hansen III). This court, therefore, reversed the summary denial and remanded the case.
On remand, an order to show cause was issued to which the Attorney General and the Commission responded. The trial court again denied the petition without explanation. Hansen now appeals this latest denial.
First, we note that no adequate explanation has been given as to why the appellant did not argue in the February 1984 petition that his preliminary hearing was untimely under section 947.23. While it may be true that Hansen had no way of anticipating the construction of Miller v. Toles as applying only to substantive parole violations at the time the second petition was filed, section 947.23 still afforded an alternative ground at that time. Obviously, limited judicial resources could have been spared.
In the instant appeal, Hansen argues that the summary denial of his petition was erroneous because the preliminary hearing was deficient in several respects. First, appellant argues probable cause was not established that he violated a condition of parole by carrying a weapon, and he was denied his statutory right to cross-examine witnesses. Appellant also argues that his preliminary hearing was not timely held nor was he afforded timely notice of that hearing. Finally, appellant contends that he was not given a personal copy of the findings made at the preliminary hearing.
As to the first issue, appellant argues that probable cause could not have been established because only the two victims of the alleged sexual batteries saw Hansen with the weapon. Because the victims did not testify to this fact at the preliminary hearing, Hansen asserts, probable cause could not have been established that appellant used a weapon. Appellant argues that there was no basis to hold him since no probable cause was found that he left the county, and that there could not have been probable cause as to the carrying a weapon allegation. Since this court previously held the hearing untimely as to the substantive violations (the felonies) in Hansen II, there were no violations found.
We reject this argument. There was evidence presented at the preliminary hearing concerning possession of a knife by the appellant, and though this evidence was hearsay it was enough to establish probable cause or reasonable ground to believe a violation of parole conditions had occurred.
Hansen further argues that the preliminary hearing violated section 947.23 which provides that parolees shall be permitted to cross-examine adverse witnesses. Hansen argues that this section affords parolees the right to examine persons material to the proceeding, namely the victims of the alleged batteries who were not called to testify by the appellant or the Commission. However, we find that the clear intent of section 947.23 is to allow parolees the right to cross-examine persons actually called to testify. Section 947.23(l)(b) provides: “[Parolee] shall be permitted to cross-examine adverse witnesses, unless it is determined that good cause exists not to allow such examination.” As we view the statute, the right to “cross-examine” relates only to witnesses produced at the hearing. Inasmuch as section 947.23(l)(c) *1172 affords parolees the right to call witnesses, appellant was free to examine the victims of the alleged battery. Furthermore, in Hansen v. Fontana, 517 So.2d at 716, we held that there is no denial of the right to cross-examine witnesses under section 947.-23(4)(f) when a person is not called to testify, and that person’s testimony is not used against the parolee. We find the reasoning of Hansen v. Fontana, supra, equally applicable to hearings under section 947.23(1).
We next consider appellant’s claims that a writ should issue because the preliminary hearing was untimely as occurring forty-seven days after Hansen’s arrest. The Commission has maintained all along that the appellant waived a timely hearing. In Hansen III, we held that since the record did not show that a delay was requested, summary denial of the petition at the time was erroneous. 515 So.2d at 1348. On remand, the appellees submitted an affidavit of John Skinner, a parole examiner, who conducted an initial interview with the appellant. In his affidavit, Skinner recounts how the appellant’s attorney requested several continuances of the preliminary hearing. Based on the record as it has been supplemented, there is competent evidence that the appellant knowingly postponed the date of the preliminary hearing. Therefore, appellant will not be heard to argue that his hearing was untimely.
We do not agree with appellant that a request or agreement for delay of a preliminary hearing must be in writing. Section 947.23(1) provides simply that a parolee may “knowingly execute a waiver” of his right to a preliminary hearing. There is no provision that a parolee must also explicitly and in writing waive the right to the holding of a hearing within the time specified by the statute. Further, the statute explicitly provides elsewhere that certain waivers must be in writing. For example, subsection (5)(a) provides that a parolee may, after being informed of the consequences, elect “in writing” to execute a waiver of a final hearing before the Commission. By implication, therefore, had the Legislature intended that the delay of a preliminary hearing be in writing, it would have so required as it did with respect to the waiver of a final hearing. Because the appellant requested the date on which the preliminary hearing was held, it follows that he received timely notice of it.
Moving on to the next issue, we note that section 947.23(1), Florida Statutes (1979), provides in pertinent part:
The findings based on the evidence presented at the preliminary hearing shall be made available to the parolee either immediately following the hearing or within a reasonable time thereafter.
The statute continues:
(2) If the preliminary hearing results in a finding of probable cause or reasonable grounds to believe that a violation of the terms or conditions of parole has occurred, the commission ... shall convene a hearing on the alleged violation.
Appellant contends that section 947.23 requires that parolees receive a “personal copy of the findings.” At the preliminary hearing, appellant was told that there was probable cause to believe he violated two conditions of his parole, but that there was insufficient probable cause as to violation of the condition that he not leave Leon County without his parole supervisor’s consent. We believe this notification was sufficient under the statute absent a showing of prejudice resulting from a lack of notice. Section 947.23 does not in explicit terms require that parolees receive written, personal copies of findings made at preliminary hearings. Because the statute later specifies in subsections (4) and (5)(a) what must be in writing, we do not believe the legislature intended to impose a rigid requirement that probable cause findings be in writing and delivered to parolees. Likewise, subsection (6) provides, in pertinent part: “[i]n cases in which parole is revoked, the commission shall make a written statement of the evidence relied on and the reasons for revoking parole.” (emphasis added). Further, a written statement of probable cause findings would be superfluous in light of the fact that subsection (4)(a) requires the appellant receive at the final hearing “in writing” the “violation of the terms and conditions of parole with *1173 which he has been charged.” The record reflects that the appellant was well aware of the charges leveled against him, and we fail to see how the appellant was denied due process at his preliminary hearing.
In Hansen III, we did not hold that section 947.23(1) mandated parolees’ receipt of personal copies of findings; rather, we held only that the appellant’s argument on this point deserved consideration, and that the trial court erred in summarily dismissing this issue. Having now reviewed it, we find this issue to be without merit.
Revocation of parole is not part of a criminal prosecution and therefore “the full panoply of rights due a defendant in such a proceeding does not apply to parole revocation.” Floyd v. Parole and Probation Commission, 509 So.2d 919, 920 (Fla.1987), citing Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The appellant was not sentenced anew, but was instead detained until a more thorough hearing could be held to determine whether he should be required to carry out his valid sentence of imprisonment as originally imposed. For the reasons above stated, we find that appellant has failed to demonstrate that the procedures employed at his preliminary hearing fell below the standards required in Morrissey v. Brewer.
The judgment appealed is AFFIRMED.
SMITH, C.J., and MILLS and NIMMONS, JJ., concur.