ELKINS *v.* STATE.

(*Nashville*, December Term, 1933.)

Opinion filed June 23, 1934.

CARL F. EDWARDS, of Hohenwald and R. L. PEERY, of Ætna, for appellant.

W. F. BARRY, JR., Assistant Attorney General, for the State.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This appeal is from a conviction of violation of the age of consent. In two important respects we have here an illustration of the most extreme application of this statute yet before this court, in that (1) the female was within thirty days of the age of twenty-one; and (2) she had been married and had separated from her husband; whether the record establishes by competent evidence that she had been divorced being questioned. These unusual features are important.

A question is plausibly presented as to whether or not a woman of this age and marital experience is within the intent of this statute again and again declared to have been enacted for the purpose of protecting from seduction innocent and immature girls, protecting them from the wiles of men of greater experience in sexual affairs. This question has never been before this court directly, but an analogy appears between this statute and the abduction statute, and expressions in the opinion of this court in *State* v. *Davidson,* 134 Tenn., 482, 184 S. W., 18, wherein it was held that the broad term "any female" did not include a married woman, tend, perhaps, to sustain a like limitation on the age of consent statute. In concluding the opinion, the holding in which was rested on a construction of terms of that statute not here applicable, the court said:

"It is probable, however, that the legislature considered marriage as establishing a female in a status

where she would be free from the temptation of yielding to illicit intercourse under promise of marriage. The statute no doubt was considered to meet the need for protection of those unmarried females whose status might subject them to such temptation, and who, by reason of youth and inexperience, might thereby be led astray.''

In a note in a leading text-book (52 C. J., 1012) among ''essential elements of the offense'' is included ''that the female be unmarried at the time of the carnal intercourse,'' but examination of the decisions cited shows that the statute considered expressly so provides, as our statute does not.

█ Moreover, our statute (Code 1932, sec. 10786) contains several limiting provisos, in the nature of exceptions, and in one of these application of the statute is precluded when the female and the defendant occupy the married relations to each other. Since the Legislature undertook to set out exceptions, and quite apparently considered the effect of marriage in one aspect, we do not feel warranted, under a recognized rule, in adding another exception which the Legislature did not see fit to incorporate. The courts may not legislate. However, we are of opinion that this judgment must be reversed for error in the charge.

█ There was evidence by two witnesses that prior to her marriage, some years before the date of the offense made the basis of this prosecution, not only the defendant, but one or more others had had illicit relations with her. While this was denied, no proof was offered of reformation. This issue was not made on the testimony. Despite this, the trial judge charged the law applicable to reformation, and, in response to the state's request,

emphasized this, after closing his charge proper. This was uncalled for by the proof, and we think was prejudicial to the defendant.

The theory of reformation could have no application, except on the assumption that the jury should believe that she had at one time been guilty of the bad conduct to which witnesses had testified. No presumption of reformation arose. The woman's theory was not that she had reformed, but that she had never fallen. So long as no evidence of reformation was offered, the defendant was entitled to have the case go to the jury on the disputed issue of fact, that is, whether or not she had been guilty of this misconduct charged to her.

On the ground indicated, the judgment is reversed and the case remanded.