COBB, Judge.
Appellant Orr was charged in four separate informations with multiple counts of various crimes.[1] At his plea hearing, Orr pled guilty as charged to some of the charges and guilty to lesser includeds on some of the charges in return for the state nolle pressing some of the other charges.
Further, at the plea hearing, defense counsel stated that “the state has agreed that all four or [sic] the third to be [sic] felonies that he is going to plead guilty to will be considered concurrent. In other words his maximum exposure would be five years.” The state attorney stated that “the state would not oppose a five-year concurrent cap on any sentence given.” During its questioning of Orr, the trial court stated:
Do you know you could get under the terms of the negotiations you could get up to twenty years ... under the terms of the negotiations you can get five years in the state prison system for this offense, these offenses. Do you understand that?
The trial court subsequently sentenced Orr to five years imprisonment in one of the cases and five years on probation in the other three cases, with all of the sentences running consecutively.
Orr filed a motion to reduce the sentences on the grounds that they violated the plea agreement. The trial court denied the motion, and Orr has appealed.[2]
The statements made by the defense counsel, the state attorney, and the trial court show that they all concurred with the plea agreement that Orr was to receive concurrent sentences with a maximum penalty of five years imprisonment. In light of *536 the trial court’s concurrence in that plea agreement, it was error for the trial court to sentence Orr to consecutive sentences without first notifying Orr that the trial court was going to do so and allowing Orr the opportunity to withdraw his plea. Reynolds v. State, 339 So.2d 714 (Fla.2d DCA 1976); Barker v. State, 259 So.2d 200 (Fla.2d DCA 1972).
Accordingly, we direct the trial court to vacate the present consecutive sentences and to either impose concurrent sentences or else notify Orr of the court’s intention to impose consecutive sentences and give Orr the opportunity to withdraw his plea.
REVERSED and REMANDED with directions.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.

. Circuit court case numbers 80-52-CFA, 80-113-CFA, 80-114-CFA, and 80-205-CFA.

. Initially, the notice of appeal was filed prematurely. However, the sentences being attacked have now been rendered and therefore the appeal has matured. Williams v. State, 324 So.2d 74 (Fla.1975); Committee Note to Fla.R.App.P. 9.110(h).