406 So.2d 1212 (1981)
Johnny C. FULLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-2297.
District Court of Appeal of Florida, Third District.
December 1, 1981.
*1213 Bennett H. Brummer, Public Defender and Thomas Trompeter, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Defendant raises five points on appeal; (1) the prosecution's cross-examination of defendant inquiring whether he was on parole at the time of trial was error, (2) the out-of-court identification of defendant was impermissibly suggestive, (3) the suggestion that defendant's place of residence was a nearby low-income project was prejudicial error, (4) the evidence was insufficient to support a guilty verdict and, (5) imposing consecutive sentences for burglary and grand theft was error.
As to the first three points on appeal the record is devoid of any specific contemporaneous objection at trial sufficient to preserve the issue for review. An appellate court will not review issues raised on appeal which have never been presented to the trial court except where the error is so fundamental as to amount to a denial of due process. None of the first three points are the kind which may be heard for the first time on appeal. Trushin v. State (Fla. 1981) (Case No. 59,378, opinion filed July 30, 1981); Castor v. State, 365 So.2d 701 (Fla. 1978); State v. Barber, 301 So.2d 7 (Fla. 1974).
We find the remaining points without merit.
Affirmed.