COWART, Judge.
Appellant entered a guilty plea pursuant to a plea agreement wherein the State agreed, with the trial court’s approval, that “the maximum period of incarceration that [appellant] would face would be one year under the agreement.” Subsequently, appellant was given a true split sentence as authorized by section 948.01(4), Florida Statutes (1981), committing him to the custody of the Department of Corrections for a term of three years, but providing that, after serving one year in prison, the imposition of the remainder of the sentence imposed be stayed and withheld and appellant be placed on probation for a period of two years. Appellant directly appeals from the sentence, arguing that the sentence imposed violates the plea agreement.
Appellant made no objection at the time of the imposition of sentencing, nor has he made a motion to reduce the sentence on the ground that it violated the plea agreement [1] or otherwise given the trial court an opportunity to consider if the plea agreement was ambiguous as stated and, if so, what the intent of the parties was with respect to the possibility of up to two additional years of confinement in the event of a violation of probation during the two year period of probation. Any question about these matters should be first raised in the trial court. If appellant is aggrieved by the trial court’s construction of the plea agreement, appellant can move the court to per *324 mit him to withdraw his plea. If appellant is aggrieved by the trial court’s ruling on his motion to withdraw his plea, he can appeal to this court. Robinson v. State, 373 So.2d 898 (Fla.1979); Orr v. State, 402 So.2d 535 (Fla. 5th DCA 1981).
AFFIRMED.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.

. See, for example, Orr v. State, 402 So.2d 535 (Fla. 5th DCA 1981), where such a motion was made.