RYDER, Judge.
Blaine Everett appeals from the trial court’s acceptance of his nolo contendere plea and the sentences imposed thereafter. We affirm.
During October and December 1982, four informations were filed against Everett and others. The informations charged: attempted burglary; burglary of a structure and grand theft; burglary of a dwelling and grand theft; burglary of a structure and grand theft. Everett pleaded guilty to attempted burglary and nolo contendere to the other charges. The pleas were entered pursuant to an agreement which provided that Everett would receive a maximum sentence of three years incarceration or no more than three years imprisonment on each charge, running concurrently one with the other.
Everett’s counsel stipulated to a prima facie case on the nolo contendere pleas. In addition, the prosecutor recited a factual basis for all of the charges. After inquiring of Everett, the trial court determined that the pleas were intelligently and voluntarily entered. The court adjudicated Everett guilty of all charges. We find no error in the acceptance of the pleas.
The trial court entered various sentences of imprisonment and probation, the latter including conditions of restitution. The court stated that Everett had a period of ten days in which to contest the announced amounts of restitution.
From the record supplied on appeal, it would appear that the sentences imposed conflict with the plea agreement. The sentences appear to exceed the sentence cap to which the parties agreed, and there does not appear to have been any mention of restitution in the agreement. It is appar *408 ent, however, that no objection was made to the trial court by Everett or his counsel relating to the sentences ordered.
Objections to sentencing are to be first raised before the trial court. As Everett made no objection below, nor moved to withdraw the pleas, he cannot assert error for the first time in this appeal.
The judgment and sentences are therefore affirmed without prejudice to the filing of an appropriate motion pursuant to Florida Rule of Criminal Procedure 3.850. McIntyre v. State, 427 So.2d 1108 (Fla. 3d DCA 1983); Gaskins v. State, 415 So.2d 132 (Fla. 5th DCA 1982); Medina v. State, 411 So.2d 323 (Fla. 5th DCA 1982); Fuller v. State, 406 So.2d 1212 (Fla.3d DCA 1981). See Castor v. State, 365 So.2d 701 (Fla.1978).
AFFIRMED.
BOARDMAN, A.C.J,, and GRIMES, J., concur.