492 So.2d 807 (1986)
Harold LITTLE, Appellant,
v.
STATE of Florida, Appellee.
No. BL-144.
District Court of Appeal of Florida, First District.
August 11, 1986.
Harold Little, pro se.
No appearance for appellee.
MILLS, Judge.
Appellant Harold Little appeals pro se from an order denying his Rule 3.850, Fla. R.Crim.P., motion to vacate sentence. We affirm.
Appellant was charged by information with writing a worthless check. After discussing the merits of his case with his attorney, he decided to plead guilty in hopes of receiving a probationary sentence. His attorney made this recommendation based on Little's assurance that he had not been convicted of any prior felonies and that he was not currently on probation. The State Attorney's Office, also relying on this information, agreed to nolle prosequi a second charge and to recommend probation in this case if Little would plead guilty.
Little's plea of guilty was accepted by the trial judge after he was satisfied that Little had freely, knowingly and voluntarily given the plea with full knowledge that the maximum sentence could be five years. However, he withheld sentencing pending the results of a presentence investigation.
The presentence investigation uncovered the fact that Little had been charged on numerous occasions with writing a worthless check and had been convicted on five of those counts. He was currently serving probation on four of those counts when the instant offense occurred. Based on this information, the trial judge chose to sentence *808 Little to four and one-half years imprisonment. Little made no attempt to withdraw his plea.
Before a plea of guilty may be accepted, the trial court must determine, among other things, that the defendant understands the nature of the charge and the consequences of his plea. Williams v. State, 316 So.2d 267 (Fla. 1975). We find that prior to accepting Little's plea, the trial judge made the necessary inquiry into whether the guilty plea was freely, knowingly and voluntarily given with full knowledge of the possible consequences. We are satisfied with his findings.
Appellant now seeks to enforce the original agreement between himself and the State, claiming that his guilty plea was induced by a plea bargain and that he was denied due process when that plea bargain was not kept. However, it is well settled that a judge is never bound in sentencing by negotiations which occurred between the prosecuting attorney and defense counsel. Davis v. State, 308 So.2d 27 (Fla. 1975). Similarly, the trial court is under no duty to provide the defendant with a clear opportunity to withdraw his plea at sentencing where there is no suggestion that the trial court promised the sentence recommended by the State, or that the trial court was a party to the plea negotiations, and there was no assertion that the trial court refused a request by the defendant to withdraw his plea or that such request was ever made. Lepper v. State, 451 So.2d 1020 (Fla. 1st DCA 1984). Accordingly, appellant's conviction will be affirmed.
WIGGINTON and NIMMONS, JJ., concur.