543 So.2d 294 (1989)
STATE of Florida, Petitioner,
v.
Surapo S. SORAKRAI, Respondent.
No. 88-03166.
District Court of Appeal of Florida, Second District.
April 26, 1989.
James T. Russell, State Atty., Sixth Judicial Circuit, and Karen McHugh, Asst. State Atty., Clearwater, for petitioner.
James F. Manderscheid, St. Petersburg, for respondent.
FRANK, Acting Chief Judge.
The state has petitioned for a writ of certiorari challenging two non-final orders entered by the trial court in the current prosecution of Sorakrai for lewd and lascivious conduct alleged to be violative of section 800.04(2), Florida Statutes (1987). That aspect of the order granting "Defense Motion in Limine Number 1" is asserted by the state to be a departure from the essential requirements of law because it will permit Sorakrai to defend on the ground that he possessed a bona fide belief that the victim was sixteen years of age or older. The second in limine order bars the state from adducing testimony that Sorakrai videotaped a sexual encounter with the victim. We have considered the contentions urged in the state's petition and Sorakrai's response and find a departure from the essential requirements of law only in that portion of the order sanctioning Sorakrai's defense grounded upon a claimed good faith belief as to the victim's age. To that limited extent, we grant the petition. See State v. Pettis, 520 So.2d 250 (Fla. 1988).
It is alleged in the information that Sorakrai, on three separate occasions, engaged in sexual intercourse with a thirteen year old girl. It is not disputed that the sexual episodes were consensual and there is indication in the record that the girl was allowed entry into a bar where Sorakrai, a musician, was employed, that she drank *295 alcoholic beverages, and that she "walks, talks, [and] looks older" than her true age.
During our consideration of this matter, it did not escape our attention that the trial court, in spite of section 800.04's interdiction of unchastity and consent as defenses to the crimes proscribed in that section, has approved the admissibility of evidence of consent as a part of Sorakrai's defense. Extensive comment is not required in exposition of the reality that if the jury hears testimony indicating the victim's consent to a criminal conversation with Sorakrai, that testimony will be nothing less than a significant portion of Sorakrai's defense  contrary to the statute's unmistakable prohibition. We suggest that the trial court reconsider its ruling.
Chapter 800 does not, however, expressly bar a defense based upon the charged person's belief that the partner in the sexual event is sixteen or beyond that age. Nonetheless, we are persuaded that neither ignorance, misrepresentation, nor belief that the victim is sixteen years or older is available to a defendant charged with the violation of section 800.04(2). That section renders a person who "[c]ommits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years," guilty of a second degree felony.
The felonies charged against Sorakrai fall "within the category of crimes `in which, on grounds of public policy, certain acts are made punishable without proof that the defendant understands the facts that give character to his act' ... and proof of an intent is not indispensable to conviction." Simmons v. State, 10 So.2d 436, 438 (Fla. 1942); Hendricks v. State, 360 So.2d 1119 (Fla. 3d DCA 1978). The principle has long endured in Florida that when a statute condemns an act as criminal without specifically embodying the element of intent, "it is not necessary for the State to prove that the commission of such act was accompanied by criminal intent." State v. Medlin, 273 So.2d 394, 396 (Fla. 1973). The state meets its burden in a matter of this kind through proof that the act was committed with a person under the age of sixteen.
The offense identified in section 800.04(2) acquires its substantive components from the definition of sexual battery found in section 794.011(1)(h) which, in relevant part, states that: "The term `sexual battery' means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object...."
In fleshing out chapter 794 in order fully to codify the elements of the crime formerly known as statutory rape, the legislature provided in section 794.021 that:
When, in this chapter, the criminality of conduct depends upon the victim's being below a certain specified age, ignorance of the age is no defense. Neither shall misrepresentation of age by such person nor a bona fide belief that such person is over the specified age be a defense.
Because of the apparent dependence of section 800.04(2) upon section 794.011(1)(h), it is our view that the legislature intended section 794.021 to be operative in the implementation of section 800.04(2). It is manifest from the result reached in State v. Lanier, 464 So.2d 1192 (Fla. 1985), that the supreme court perceived sexual intercourse with an underage female, condemned in section 800.04, to be criminal behavior notwithstanding the absence of chastity and the presence of consent. It is our judgment that conduct violative of section 800.04 carries with it the same concept of "strict liability" that has traditionally characterized "statutory rape." Simmons. Thus, we are persuaded that section 794.021 forecloses Sorakrai from a defense based upon the victim's misrepresentation of her age or a bona fide belief that she was sixteen years or older.
Accordingly, we grant the petition and quash the order we have reviewed.
PARKER, J., concurs.
HALL, J., dissents with opinion.
HALL, Judge, dissenting.
I respectfully dissent.
*296 I have no quarrel with the general principles of law set forth in the majority opinion regarding what may and may not be defenses to the crime with which respondent has been charged. I cannot conclude, however, that the order presently under review constitutes a departure from the essential requirements of law requiring intervention on the part of this court.
The state's right of direct appellate review is limited to the matters listed in rule 9.140(c)(1), Florida Rules of Appellate Procedure. Orders which merely pass upon the relevance of certain evidence are not among the enumerated categories. In State v. Pettis, 520 So.2d 250 (Fla. 1988), our supreme court reaffirmed that, in certain circumstances in ongoing criminal prosecutions, the appellate courts may entertain petitions for certiorari by the state. However, Pettis does not authorize, nor has the law of this state ever authorized, the use of certiorari review to correct every error cutting against the state's position but which is not covered by rule 9.140(c)(1). Rather, certiorari review should be restricted only to those situations wherein the error "has the effect of substantially impairing the ability of the state to prosecute its case." State v. Steinbrecher, 409 So.2d 510, 511 (Fla. 3d DCA 1982).
I cannot conclude that the trial court's errors in this case, if in fact it did err, rise to this level. Sorakrai has never indicated that he intends to argue consent as a defense. He has merely stated his belief that "it's important that at least the jurors be told, at least by the court, that this is an act of consensual sex ... and to know that this is not a case where the girl was forced... ." The trial court agreed only that this information would be relevant, not that a viable defense is thereby created. Similarly, when proffering Sorakrai's belief that the victim was of lawful age, defense counsel based much of his argument on the effect of this evidence upon Sorakrai's credibility as a potential witness in his own behalf. It may be that, under the law of Florida, such facts are more appropriate as mitigating factors for consideration at the sentencing phase. Nevertheless, they are still part of the res gestae and I do not believe appreciable harm accrues to the state's case by permitting the jury to know all the circumstances surrounding the accusations against Sorakrai, particularly where the trial court has given no indication of intending misleading instructions on the law.
The unrestrained resort to certiorari for every adverse pretrial ruling encourages the proliferation of "mini-trials" prior to the regularly scheduled trial whenever either party believes that some controversial issue might arise. The fact remains that the state's right of review is simply more limited than the defendant's. There will always be certain errors that will have to go uncorrected because they are not of sufficient magnitude to justify issuance of an extraordinary remedial writ.