**STATE of Tennessee, Appellee,**

**v.**

**William LADMER,
Appellant–Defendant.**

Court of Criminal Appeals of Tennessee,
at Nashville.

May 5, 1989.

Permission to Appeal Denied by
Supreme Court Aug. 14, 1989.

Lionel R. Barrett, Jr., John G. Oliva, Nashville, for appellant-defendant.

Charles W. Burson, Atty. Gen., Debra K. Inglis, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Weakley Edward Barnard, Asst. Dist. Atty. Gen., Nashville, for State.

## OPINION

DUNCAN, Presiding Judge.

The defendant, William Ladmer, pled guilty to use of a minor for obscene purposes. He received a Range I sentence of three (3) years in the Department of Correction, to be served in the local workhouse. The defendant reserved, pursuant to Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure, the right to appeal a certified question of law.

The certified question, as stated in the trial judge's order, is:

Whether or not the fact that the female victim who was sixteen (16) years old was married and had a child was sufficient to legally constitute emancipation of the minor so as not to allow her the protections afforded a minor pursuant to the provisions of T.C.A. § 39–6–1137.

T.C.A. § 39–6–1137(a)(1)(A) and (a)(2) (Supp.1988), among other things, proscribes the solicitation of a minor to pose or model for purposes of preparing an obscene film. This was the defendant's specific violation in this case.

The minor in this case is, as the certified question states, a sixteen-year-old married woman who is the mother of a child.

The defendant contends that because of the victim's emancipated status, the statute should be construed so as to remove her from the protection afforded minors by the statute. We find no merit to this contention.

In construing a statute, courts are restricted to the natural and ordinary meaning of the language used by the legislature within the four corners of the statute, unless an ambiguity requires resort elsewhere to establish legislative intent. *Austin v. Memphis Publishing Company*, 655 S.W.2d 146 (Tenn.1983). In one of the earliest expressions of the rule, our Supreme Court in *Miller v. Childress*, 21 Tenn. 319, 321–22 (1841) said:

Where a statute is plain and explicit in its meaning, and its enactment within the legislative competency, the duty of the courts is simple and obvious, namely, to say *sic lex scrip*, and obey it.

Thus, a statute which is clear and unambiguous must be given the effect intended by the legislature as evidenced by the terms of the statute.

T.C.A. § 39–6–1137(b)(4) (Supp.1988) states in plain, ordinary and unambiguous language that the term "minor" means "any person who has not reached the age of eighteen (18) years." Quite clearly, "any person" includes the sixteen-year-old victim in this case. Under this statute, it does not matter whether the victim is married, has a child, or for that matter has any other characteristic which evidences maturity or a lack of need for individual protection. The legislature's prerogative to enact such laws has long been recognized in this State. *See, Elkins v. State*, 167 Tenn. 546, 72 S.W.2d 550 (1934).

The defendant argues that the rules of statutory construction require that we append to the legislature's definition of "minor" the common law exception of emancipation, and that if this were done, then the emancipated victim in the present case would be excluded from the provisions of the statute. If we were to do so, we would, in effect, be altering the legislature's clear definition of the word "minor." It is not within our authority to judicially legislate in this manner. We reject this argument.

The judgment of the trial court is affirmed.

DWYER and DAUGHTREY, JJ., concur.