JOANOS, Judge.
Sharpe has appealed from his conviction and sentence for possession of cocaine with intent to sell pursuant to a plea of nolo contendere. He confines this appeal to the issue of whether he should have been permitted to withdraw his plea at the sentencing proceeding, after the trial judge declined to follow the joint recommendation of the state and defense counsel regarding the sentence to be imposed. We reverse and remand with directions.
Pursuant to the sentencing guidelines, the recommended sentencing range for Sharpe’s offense was 30 months to 3½ years incarceration. The state and defense counsel agreed to make a joint recommendation to the trial court that Sharpe be sentenced at the bottom of the recommended range, and as a youthful offender pursuant to Chapter 958, Florida Statutes. This agreement was communicated to Sharpe prior to the entry of his plea.
At the August 1988 sentencing proceeding, however, the trial court declined to follow the joint recommendation insofar as it recommended sentencing as a youthful offender. Sharpe thereupon moved to withdraw his plea, but the trial court denied the motion subject to reconsideration if Sharpe was not assigned by the Department of Corrections to a youthful offender institution.
A trial court is not bound to impose a sentence recommended by the state or defense counsel simply because the defendant is informed that such a recommendation will be made. See Little v. State, 492 So.2d 807 (Fla. 1st DCA 1986). However, if a defendant enters a plea with the understanding that the recommendation will be followed and the court declines to follow it, the defendant must be permitted to withdraw the plea. Lightfoot v. State, 533 So.2d 930 (Fla. 1st DCA 1988).
The trial court herein denied Sharpe’s motion to withdraw his plea without determining his awareness, prior to entry of the plea, that the trial court was not bound by counsels’ sentencing recommendation. Further, there is nothing in the record to sufficiently reflect the details of the plea agreement in this case. We, therefore, reverse and remand for further proceedings to determine the awareness of the defendant as to the effect of the sentence recommendation at the time that the plea was entered. If it is determined that he was reasonably led to believe that the plea was conditioned upon the trial court’s following the sentence recommendation, the court must either allow defendant to withdraw the plea or sentence defendant according to the recommendation.
SHIVERS, C.J., concurs.
ERVIN, J., concurs and dissents with opinion.