580 So.2d 321 (1991)
Herman Ulysses GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-00432.
District Court of Appeal of Florida, First District.
May 28, 1991.
*322 Frederick Jerome Gant of Allbritton & Gant, P.A. Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
BOOTH, Judge.
This cause is before us on appeal from a final judgment and sentences for battery, aggravated assault, and committing a lewd and lascivious act on a child under the age of 16. Appellant argues that the trial court erred in: (1) refusing to entertain his request to withdraw his previously-entered plea of nolo contendere to the lewd and lascivious charge; (2) in failing to honor a plea agreement; and (3) in failing to allow him to submit evidence in mitigation of his sentence on the lewd and lascivious charge. We affirm as to all issues.
Appellant was charged by a two-count information with battery and aggravated assault on an adult victim. Appellant entered a plea of nolo contendere as part of an agreement with the State wherein he would receive a maximum of one year in the county jail plus probation. The trial court accepted appellant's plea but requested a presentence investigation prior to sentencing appellant.
In a separate case involving a different victim, appellant was charged with committing a lewd and lascivious act on a child under the age of 16. In the lewd and lascivious case, appellant entered a plea of nolo contendere as part of an agreement with the State wherein he would receive a maximum sentence of five years. The trial court accepted appellant's plea but ordered a supplemental presentence investigation. The trial court set sentencing in both cases for January 3, 1990.
At sentencing, appellant argued as to the lewd and lascivious charge, that he had acted with the victim's consent, that the victim appeared older than her years, and that the victim held no animosity toward him. Appellant offered to submit letters from, and photographs of, the victim and requested a jury trial. The trial court declined to view the letters and photographs, and sentenced appellant within the guidelines to five years in the Department of Corrections, followed by two years' probation. The trial court also sentenced appellant to concurrent sentences of five years on the aggravated assault charge and one year on the battery charge. To the latter sentences, appellant raised no objection.
Appellant first argues that the trial court erred in failing to allow him the opportunity to withdraw his plea to the lewd and lascivious charge. We find no error, however, in the trial court's decision. Florida Rule of Criminal Procedure 3.170(f) requires a defendant show good cause why he should be permitted to withdraw his plea. Appellant failed to meet this burden in that the only reasons he offered were that the victim appeared to him to be over the age of 16, that the victim had given him her consent, and that he wanted a jury to consider these matters. These matters do not establish good cause. Neither the victim's appearance nor consent is a valid defense to the charge of committing a lewd and lascivious act on a child under the age of 16. See § 800.04(2), Fla. Stat. (1987); State v. Sorakrai, 543 So.2d 294, 295 (Fla. 2d DCA 1989) (neither ignorance, misrepresentation, nor belief that victim is 16 years of age or older is available as defense to defendant charged with committing a lewd and lascivious act upon child under age of 16 years in violation of Section 800.04).
Appellant next argues that the trial court erred in failing to honor the State's plea offer on the battery and aggravated assault charges or, alternatively, allow him to withdraw his plea. However, appellant failed to bring this matter to the trial court's attention and has consequently failed to preserve this issue for review. Everett v. State, 442 So.2d 407, 408 (Fla. 2d DCA 1983). Further, the trial court was under no duty to honor the plea agreement or provide appellant with an opportunity to withdraw his plea because nothing in the record suggests that the trial court was party to the plea negotiations. Little v. State, 492 So.2d 807, 808 (Fla. 1st DCA 1986). Moreover, the record reflects that the trial court did not give appellant any *323 reason to believe that it would honor the plea agreement between the parties.
Appellant's third contention is that the trial court erred in refusing to consider certain photographs and letters offered in mitigation of his sentence for the lewd and lascivious offense. Florida Rule of Criminal Procedure 3.720(b) requires that the trial court at sentencing "[e]ntertain submissions and evidence by the parties which are relevant to the sentence." Evidence offered in mitigation of a sentence need not be relevant to the substantive proof of guilt or innocence. See Hargis v. State, 451 So.2d 551 (Fla. 5th DCA 1984) (trial court erred in refusing to hear short tape-recorded comments of unavailable witnesses who spoke on defendant's behalf or summary of tape offered in mitigation of sentence). In the instant case, appellant's argument is that the trial court did not consider his evidence offered in mitigation. The record shows, however, only that the trial court declined to read the letters or view the photographs. The trial court did, however, accept as true appellant's contentions as to what the proffered material would show concerning the victim's appearance and consent, and nonetheless chose to impose a sentence within the guidelines. In this we find no error.
The judgment and sentences are affirmed.
BARFIELD, J., concurs.
ERVIN, J., concurs and dissents with written opinion.
ERVIN, Judge, concurring and dissenting.
Although I concur with the majority in affirming appellant's convictions, I would reverse the sentence imposed for lewd and lascivious act and remand the case for resentencing as to that offense regarding the third issue raised.
I agree with appellant's argument that the trial court improperly refused to consider certain photographs and letters offered in mitigation of his sentence in connection with the lewd and lascivious act offense. While the majority recognizes that the evidence submitted in mitigation of a sentence need not be relevant to substantive proof of guilt or innocence and that the trial court is required, pursuant to Florida Rule of Criminal Procedure 3.720(b), to entertain such evidence as is "relevant to the sentence," it nonetheless affirms on the apparent theory that the arguments presented at the sentencing proceeding were sufficient to place the court on notice as to what the proffered material might contain. I cannot agree.
In so saying, I acknowledge that the trial court below imposed a guideline sentence as to this offense. I understand also that arguments in mitigation were submitted to the trial judge at the sentencing proceeding. I do not regard, however, the trial court's error in refusing to consider the proffered evidence in mitigation of the sentence as harmless only. Whether the trial judge would still have imposed a guideline sentence had he not refused the submission of the proffered evidence in mitigation of the sentence is in my judgment impossible to say. It is conceivable that upon a thorough review of the materials, the court could have determined that appellant's conduct deserved a downward departure from the sentencing guidelines. Cf. State v. Mathis, 541 So.2d 744 (Fla. 3d DCA 1989) (evidence that victim provoked defendant into engaging in altercation which resulted in conviction for sexual battery supported downward departure from recommended guidelines).