PER CURIAM.
The State of Florida appeals the trial court’s order dismissing Count 27 of the information charging appellee with employing, authorizing, or inducing a child less than 18 years of age to engage in a sexual performance. § 827.071(2), Florida Statutes. The trial court dismissed the charge because the child involved had obtained a prior judgment removing disabilities of nonage pursuant to section 39.016, Florida Statutes (Supp. 1992). We reverse and remand.
The statute under which appellee was charged is clear and unambiguous and, as such, must be given the effect intended by the legislature as evidenced by its terms. Polakoff Bail Bonds v. Orange County, 634 So.2d 1083,1084 (Fla.1994). For purposes of section 827.071, the term “child” means “any person under the age of 18 years.” § 827.01(1), Florida Statutes. Simple application of these sections affords protection to any person below the age of 18 years, including those who have had their disability of nonage removed. See, e.g., State v. Ladmer, 775 S.W.2d 6 (Tenn.Cr.App.1989) (court refused to construe a “plain and explicit” statute prohibiting the use of minors for obscene purposes to remove protection for a child victim who was emancipated through marriage).
Accordingly, we hold that removal of disabilities of nonage is not a defense to the acts prohibited by section 827.071(2), Florida Statutes. See, e.g., Hunter v. Bullington, 74 So.2d 673 (Fla.1954) (removal of disabilities of nonage for married minor female did not permit vendor of alcoholic beverages to employ her contrary to the statute making it illegal for vendors to employ persons under 21 years of age); State v. Plude, 621 A.2d 1342, 30 Conn.App. 527 (Conn.App.Ct.1993). The charged offense falls within the category of crimes which furthers the State’s compelling interest to protect persons under the age of 18 from being sexually exploited. On grounds of public policy, certain acts are made punishable without proof that the defendant understands the facts that give character to his act. See Hicks v. State, 561 So.2d 1284 (Fla. 2d DCA) (the use of a child in a sexual performance has been held to be a strict liability crime), rev. denied, 574 So.2d 141 (Fla.1990); and State v. Sorakrai, 543 So.2d 294 (Fla. 2d DCA 1989) (section 800.04(2) is a strict liability offense). We, therefore, REVERSE and REMAND to the trial court with instructions to reinstate Count 27 of the information.
BOOTH, LAWRENCE and VAN NORTWICK, JJ., concur.