STEVENSON, Judge.
In this case, we have for review the trial court’s summary denial of appellant’s motion to withdraw his plea of nolo contendere to the charge of capital sexual battery. Because we find that the ground raised in appellant’s motion was legally sufficient to permit him to withdraw his plea, we reverse and remand for an evidentiary hearing.
Appellant pled nolo contendere to a charge of sexual battery on a person less than twelve years of age. Prior to sentencing, appellant moved to withdraw his nolo plea based on what he terms “newly discovered evidence”: information received from inmate Dan Ross that an immigration identification card that the state had earlier provided as proof of the victim’s age was a forgery and that the victim was not under twelve at the time of the offense. At the hearing on the motion to withdraw the plea, appellant was prepared to offer Dan Ross’ testimony, but the trial court summarily denied the motion without receiving any evidence.
Rule of Criminal Procedure 3.170(f) provides in part that “The court may in its discretion, and shall on good came, at any time before a sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside the judgment and allow a plea of not guilty_” (emphasis added). In summarily denying appellant’s motion, the trial court concluded that Green v. State, 580 So.2d 321 (Fla. 1st DCA 1991), “seems to be dispositive of the issues raised in Mr. Smith’s motion.” However, Green is not actually dispositive. In that case, the court found insufficient grounds to withdraw a plea of nolo contende-re to a charge of lewd and lascivious conduct on a child under the age of sixteen where the defendant claimed that the victim had appeared to be over the age of sixteen and that the victim had consented. Id. at 322. These claims could not constitute “good cause” to withdraw the plea since they are not viable defenses to the charged crime. Id.
In the instant case, appellant alleges that the victim’s actual age, as opposed to her apparent age, was greater than the crime requires. This allegation, if true, would preclude appellant’s conviction as a matter of law. Therefore, if appellant’s “newly discovered evidence” supports this allegation, appellant may be able to establish “good cause” to withdraw his plea. See State v. Braverman, 348 So.2d 1183 (Fla. 3d DCA 1977), cert. denied, 358 So.2d 128 (Fla.l978)(a plea may be withdrawn upon newly discovered evidence which raises a substantial question as to the guilt or innocence of the defendant).
Accordingly, we remand this cause for an evidentiary hearing for the trial court to determine if the evidence supports the alie- *606 gations in appellant’s motion before deciding whether to allow appellant to withdraw his plea.
REVERSED and REMANDED.
WARNER and PARIENTE, JJ., concur.