701 So.2d 1181 (1997)
Michael P. GRADY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2589.
District Court of Appeal of Florida, Fifth District.
October 24, 1997.
Rehearing Denied December 9, 1997.
Marc L. Lubet of Lubet & Blechman, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, Judge.
Section 796.03, Florida Statutes (1995) classifies the procurement for prostitution of a person under the age of 18 years as a second degree felony. Appellant asserts that an essential element of the crime is that a defendant must know that the person he or she procures for prostitution is under 18, but the statute is silent as to this requirement. We affirm.
While the general rule is that every crime must include a specific intent, or a mens rea, our legislature and courts recognize an exception to the specific intent requirement where the state has a compelling interest in protecting underage persons from being sexually abused or exploited. Stated differently, crimes against children fall "within the category of crimes in which, on grounds of public policy, certain acts are made punishable without proof that the defendant understands the facts that give character to his act ... and proof of an intent is not indispensable to conviction." See State v. Sorakrai, 543 So.2d 294, 295 (Fla. 2d DCA 1989) (quoting Simmons v. State, 151 Fla. 778, 10 So.2d 436, 438 (1942)). Thus, ignorance of the age of the victim is not a defense nor either is misrepresentation of age, or a defendant's bona fide belief that such victim is over the specified age. Sorakrai (neither ignorance, misrepresentation, nor belief that victim was 16 years or older is available as a defense to defendant charged with committing a lewd and lascivious act upon child under age of 16 years in violation of § 800.04, Fla. Stat.); Green v. State, 580 So.2d 321 (Fla. 1st DCA 1991) (same); Hicks v. State, 561 So.2d 1284 (Fla. 2d DCA 1990) (defendant's ignorance of the victim's age was not a viable defense to defendant charged with use of a child in a sexual performance in violation of § 827.071(2), Fla. Stat.), rev. denied, 574 So.2d 141 (Fla.1990); State v. Robinette, 652 So.2d 926 (Fla. 1st DCA 1995) (violation of § 827.071(2) falls within the category of crimes which furthers the state's compelling interest to protect persons under the age of 18 from being sexually exploited, and on grounds of public policy, certain acts are made punishable without proof that the defendant *1182 understands the facts that give character to his act). See also, Hendricks v. State, 360 So.2d 1119 (Fla. 3d DCA 1978) (where the act involves the sexual organ of the actor there can be no question that the act itself infers a criminal intent requiring no specific intent, of sexual gratification or otherwise, than that evidenced by the doing of the acts constituting the offense), cert. denied, 441 U.S. 964, 99 S.Ct. 2411, 60 L.Ed.2d 1069 (1979).
We find the charged offense in the instant case, procuring a person under the age of 18 for prostitution in violation of section 796.03, Florida Statutes (1995), falls within this category of crimes where the state has a compelling interest in protecting underage persons from being sexually abused or exploited. Accordingly, appellant's ignorance of the age of the victim is not a defense.
AFFIRMED.
GRIFFIN, C.J., and THOMPSON, J., concur.