748 So.2d 1092 (2000)
Kyle NICHOLSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3913.
District Court of Appeal of Florida, Fourth District.
January 5, 2000.
*1093 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant was convicted of promoting sexual performance by a child by videotaping his girlfriend having oral sex with a minor (count II) and possessing pictures he knew included sexual conduct by a child (count III), in violation of Florida Statutes sections 827.071(3) and 827.071(5).
Appellant argues that the trial court erred in denying his motion for judgment of acquittal on these offenses because the state failed to prove that appellant knew that the victim was a minor. He further argues that the court erred in refusing to instruct the jury that knowledge of the victim's age was an element of these offenses.
The statutes upon which appellant was convicted provide in pertinent part:
A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he produces, directs, or promotes any performance which includes sexual conduct by a child less than 18 years of age....
§ 827.071(3), Fla. Stat. (1995).
It is unlawful for any person to knowingly possess a photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, includes any sexual conduct by a child....
§ 827.071(5), Fla. Stat. (1995).
Appellant argues that the phrases "knowing the character and content thereof" and "to knowingly possess" create an element that a defendant have knowledge that the victim's age is less than eighteen. We disagree and follow the holding in Hicks v. State, 561 So.2d 1284 (Fla. 2d DCA), rev. denied, 574 So.2d 141 (Fla. 1990), that the defendant's ignorance of the victim's age is not a viable defense to the charge of use of a child in a sexual performance. Where the state has a compelling interest in protecting underage persons from being sexually abused or exploited, an exception is recognized to the general rule that every crime must include a specific intent, or a mens rea and, so, ignorance of the age of the victim, misrepresentation of age, or a defendant's bona fide belief that such victim is over the specified age are not viable defenses. Grady v. State, 701 So.2d 1181 (Fla. 5th DCA 1997). See also State v. Robinette, 652 So.2d 926 (Fla. 1st DCA 1995)(violation of section 827.071(2) falls within the category of crimes which furthers the state's compelling interest to protect persons under the age of 18 from being sexually exploited, and on grounds of public policy, certain acts are made punishable without proof that the defendant understands the facts that give character to his act); Schmitt v. State, 590 So.2d 404 (Fla.1991)(section 827.071 expresses an undeniable legislative intent to root out child exploitation); State v. Sorakrai, 543 So.2d 294 (Fla. 2d DCA 1989)(neither ignorance, misrepresentation, nor belief that victim was sixteen was a viable defense under section, 800.049(2), Florida Statutes).
*1094 We hold that sections 827.071(3) and 827.071(5), Florida Statutes, which are aimed at protecting persons under the age of eighteen from being sexually exploited, do not require that a defendant know that the victim is less than eighteen years of age. We find that the trial court correctly denied appellant's motion for judgment of acquittal and his request to add knowledge of the age of the victim as an element to the jury instructions on these offenses.
AFFIRMED.
FARMER, KLEIN and TAYLOR, JJ., concur.