GRIFFIN, J.,
dissenting.
I respectfully dissent.
The issue is whether it is an element of the crime of section 827.03(2)(c), Florida Statutes, that the accused knew the victim was under the age of eighteen. I believe it is.
The majority relies on the language in Grady v. State, 701 So.2d 1181 (Fla. 5th DCA 1997), review denied, 717 So.2d 531 (Fla.1998), that:
[0]ur legislature and courts recognize an exception to the specific intent requirement where the state has a compelling *948 interest in protecting underage persons from being sexually abused or exploited.. Stated differently, -crimes against children fall “within the category of crimes in which, on grounds of public policy, certain acts are made punishable without proof that the defendant understands the facts that give character to his act ... and proof of an intent is not indispensable to conviction.”
Grady, 701 at 1181. Grady is plainly limited to the compelling interest in protecting underaged persons from being sexually abused or exploited. It is not “quaintly Victorian” to suggest that the legislature intended greater protection for minors from sexual exploitation than from ordinary garden variety physical injury. See Nicholson v. State, 748 So.2d 1092 (Fla. 4th DCA), review denied, 767 So.2d 459 (Fla.2000). As our supreme court has explained, such special protection is warranted because of the unique effects sex crimes have on children. B.B. v. State, 659 So.2d 256, 258-62 (Fla.1995);[1] Jones v. State, 640 So.2d 1084, 1085-87 (Fla.1994).[2] Otherwise, the opprobrium ascribed to an ordinary offense is greater only if the perpetrator knows that his victim is a child. What the legislature intended would make an ordinary second-degree aggravated battery a first-degree felony is not that the blow landed on a person under eighteen but that, in committing the crime, the perpetrator knew that his victim was a child, i.e. that he “knowingly or willfully abused a child”. § 827.03(2)(e), Fla.Stat. (1999).
The Supreme Court of Florida in Chicone v. State, 684 So.2d 736 (Fla.1996) held that the intent of the legislature was the key in attempting to determine whether knowledge is an element of the offense. The court said that in the absence of some express indication by the legislature of its intent to dispense with scienter, knowledge of the guilty nature of the crime is required. Following this principle, it would seem that, in the absence of contrary legislative intent, in order to be guilty of child abuse, the perpetrator must be shown to know that the victim was a child. It is worth noting that, in Chicone, the high court mentioned with approval the ease of United States v. X-Citement Video, Inc., 513 U.S. 64, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994):
Other courts have focused on the patent inconsistency in the imposition of substantial criminal sanctions to conduct that does not include scienter. See United States v. X-Citement Video, Inc., 513 U.S. 64, [71], 115 S.Ct. 464, 469, 130 L.Ed.2d 372 (1994)(holding that harsh penalties of up to ten years in prison and substantial fines and forfeiture for violation of child pornography statute supported interpretation of statute to require that defendant have knowledge of minority of performer).
684 So.2d at 742.
Reference to other Florida Statutes indicates the Florida legislature is cognizant of the scienter issue. In section 784.08, Florida Statutes, the legislature has provided that for anyone who commits an assault or battery on a person 65 years of age or older, knowledge of age is irrelevant for offense reclassification purposes. On the other hand, in' section 784.08(1), Florida Statutes, assault or battery on specified officials or employees will result in reclassification only where the person committing the offense knows or has reason to know the identity or position of the victim. In the case of “aggravated child abuse,” the legislature gave us no direction other than the title of the offense. Based on this and the rule in Chicone, I conclude that *949 knowledge that the victim is a child is an element of section 827.03(2)(c), Florida Statutes.

. "[W]e do recognize that Florida does have an obligation and a compelling interest in protecting children from sexual activity before their minds and bodies have sufficiently matured to make it appropriate, safe, and healthy for them...." Id. at 259.

. "We are of the opinion that sexual activity with a child opens the door to sexual exploitation, physical harm, and sometimes psychological damage, regardless of the child's maturity or lack of chastity.” Id. at 1086.