# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case Nos. 5D2023-3147
5D2023-3151
LT Case Nos. 2022-CF-040589-A
2023-CF-038598-A

_____

ERICA BLACK,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Brevard County.
Stephen G. Henderson, Judge.

Matthew J. Metz, Public Defender, and Darnelle Paige Lawshe, Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Rebecca Rock McGuigan, Bureau Chief, Daytona Beach, for Appellee.

February 28, 2025

PER CURIAM.

    Erica Black was separately charged for two separate crimes—aggravated battery, a first-degree felony, in Case No. 2022-CF-038598-A, and animal cruelty, a third-degree felony, in Case No.

2022-CF-040589-A. Black entered an open plea of no contest at her plea hearing with the understanding that a ten-year prison cap would apply and that the addition of a probationary period beyond the cap might extend the sentence. For example, if she was sentenced to ten years of prison followed by five years of probation, her sentence would be fifteen years.

The trial court sentenced Black to ten years of imprisonment followed by ten years of probation in the aggravated battery case and five years of imprisonment in the animal cruelty case. Black's counsel asked whether the sentences were to run consecutively, to which the trial judge responded, "Yes, sir."

Black moved to withdraw her plea, claiming she "was confused at the time of the entry of her plea as to what she could be sentenced to in these cases," believing that her "total prison exposure for the global pleas would be a maximum of 10 years in prison." Stated differently, Black understood that her sentences on the two charges would run concurrently, thereby not exceeding ten years in total. The trial court denied the motion leading to Black's appeals.

A review of the record reflects that confusion existed as to whether Black's sentences would be concurrent (and thereby within the ten-year cap) or consecutive (and thereby beyond the cap). Nothing in the record establishes that Black understood this difference at the time of sentencing; indeed, she moved soon thereafter to withdraw her plea on this basis. As such, Black's motion to withdraw her plea was supportable. *See Orr v. State,* 402 So. 2d 535, 535–36 (Fla. 5th DCA 1981) (finding "it was error for the trial court to sentence [appellant] to consecutive sentences without first notifying [appellant] that the trial court was going to do so and allowing [appellant] the opportunity to withdraw his plea" where statements made at the plea hearing reflected that the plea agreement was set for appellant to receive a maximum prison sentence and appellant's consecutive sentences exceeded that maximum sentence).

For this reason, the sentences imposed are vacated and remanded for further proceedings.

2

REVERSED and REMANDED for further proceedings.

MAKAR, HARRIS, and KILBANE, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____